## KINDER & KEACH v. ADAMS NAT. BANK OF DEVINE.

### No. 11451.

Court of Civil Appeals of Texas.
San Antonio.

Sept. 27, 1944.

Rehearing Denied Nov. 15, 1944.

Reynolds N. Cate, of San Antonio, for appellants.

Fly & Vance, of Hondo, for appellee.

SMITH, Chief Justice.

Kinder & Keach, describing themselves as "Trustees" and a "firm or partnership" residing in the State of Ohio, brought this action in a Bexar County Court against Adams National Bank of Devine, Texas, in Medina County, to recover the sum of $240, alleged to be the amount of dividends earned by twenty shares of stock in said bank and owned by the plaintiffs as trustees of an undisclosed principal.

The bank timely filed its plea of privilege to be sued in the county of its admitted domicile, to-wit: Medina. Upon a hearing the trial judge sustained the plea and ordered the cause transferred to the named county. Kinder & Keach have appealed.

Obviously the cause of action asserted by appellants is solely one for debt, to-wit, the amount of dividends earned by stock in the bank, which, it was alleged, the bank had failed or refused to pay.

Appellants insist that the judgment should be reversed for the reason that in its plea of privilege appellee did not specify the court to which it desired the cause to be transferred. We overrule the contention. In its plea appellee alleged, and the record disclosed, facts showing the cause was not cognizable in Bexar County, in which the suit was brought, and that it was cognizable solely in Medina County. The trial court therefore had no alternative but to transfer the cause to some court in Medina County. Appellants' pleadings showed that the action was for a debt of $240, an amount cognizable only in the county court, and that the debt was not evidenced by an instrument in writing. In these circumstances the trial judge had no alternative but to transfer the cause to Medina County and to the county court therein, it being the only court having jurisdiction of the suit.

The bank's plea of privilege was in regular order and in compliance with the statute (Art. 2007).

In subsequent points appellants assert, first, that venue is fixed in Bexar County because this is a suit against a private corporation, etc., in which the asserted cause of action, or a part thereof, arose in Bexar County, under exception 23, Vernon's Ann.Civ.St. art. 1995. There is no merit in this contention. If under any allegation of appellants appellee's obligation was to perform a particular act, certainly such act was not performable in Bexar County under any theory of law asserted in appellants' petition. Appellants' second point is overruled. For like reasons appellants' fourth point will be overruled.

Under their third point appellants claim venue in Bexar County on the assert-

ed ground that the suit was based on a crime, offense or trespass committed in said county. There is no merit in this contention. No crime or offense is charged against appellee; the only charge against appellee was that it had failed or refused to pay an alleged just debt to appellants, payable in no particular county.

The judgment is affirmed.

This opinion will be substituted for the original, now withdrawn. Appellants' motion for rehearing will be overruled, but appellants will be allowed, if desired, to file a second motion for rehearing.