Willie TERRELL

v.

W. T. VANDERGRIFF d/b/a Community Finance Company.

No. 7130.

Court of Civil Appeals of Texas.

Amarillo.

Dec. 4, 1961.

Byron L. McClellan, Gatesville, for appellant.

Jones, Phillips, Barnes & Watkins, Dallas, for appellee.

DENTON, Chief Justice.

This is a venue case. On December 21, 1960 appellee, as plaintiff below, filed suit against appellant on a note and a written conditional sales contract. On January 23, 1961 appellant, defendant below, filed his plea of privilege. It was duly verified and no question has been raised relative to its being properly served on the attorney for the adverse party. Plaintiff filed no controverting affidavit, but on February 20, 1961, in open court, plaintiff orally objected to the plea of privilege on the ground it was insufficient and presented nothing for adjudication by the court. This motion was reduced to writing and filed on February 24, 1961. On March 23, 1961 the trial court entered an order overruling the plea of privilege, and ordered the case to remain in that court in Dallas County. It is from that order that the appellant duly perfected this appeal. The basic question to be determined is whether or not the plea of privilege was sufficient under Rule 86, Texas Rules of Civil Procedure.

Defendant's plea of privilege alleged the defendant was not at the institution of the suit, nor at the time of service of process therein, nor at the time of filing such plea, a resident of Dallas County, Texas, the county in which such suit was instituted. The plea further states that at these pertinent times defendant's residence was in Gatesville, Coryell County, Texas, and that his postoffice address was 2600 East Main Street, Gatesville, Texas; and that no

exception to exclusive venue in the county of one's residence provided by law exists in said cause. The plea further alleged, "This suit is not commenced in the proper county." The plea's prayer read as follows: "Wherefore, defendant prays the Court to sustain this plea of privilege together with all costs herein expended."

Although plaintiff's objection to the plea of privilege merely alleges the plea is "insufficient as a matter of law," by brief the objection is made that the plea of privilege in insufficient in that it made no request that the case be transferred but simply challenged the venue in Dallas County. In effect plaintiff is now contending the plea of privilege is insufficient in that its prayer does not specifically pray that the suit be transferred to a particular county. Plaintiff relies on Tempelmeyer v. Blackburn (Comm.App.) 141 Tex. 600, 175 S.W.2d 222 (opinion adopted) to support its position. In our opinion this case is not controlling on the question before us. There the primary issue was the effect of a non-suit as to one defendant after its plea of privilege and plaintiff's controverting affidavit had been filed and before the trial court announced a decision on the venue question. The court held the taking of the non-suit became res judicata on the issue of venue, precluding the plaintiff from making such defendant a party defendant to the same action when venue as to other defendants was changed to a third county. Other language in the opinion which dealt with the legal effect of a plea of privilege was not relative to the sufficiency or insufficiency of the form of the plea of privilege. That question was not in issue.

█ In our opinion defendant's plea of privilege fully complied with the provisions of Rule 86. All allegations required by this rule were set out in the plea. In our opinion defendant's prayer that the trial court "sustain this plea of privilege" sufficiently complied with the applicable rule. No case has been cited and we have found none which requires the prayer to specifical-

ly seek a transfer of a case to a designated county. Although we are of the opinion it is better practice to pray that the case be transferred to a particular county, we do not think such an omission is fatal when all requirements of Rule 86 are met. It is to be noted that Rule 86 makes no reference to the prayer of a plea of privilege.

█ It has been held that a statutory plea of privilege is more than a pleading. It is prima facie proof of defendant's right to have venue changed from the county in which suit was filed to the county named in the plea of privilege. Tempelmeyer v. Blackburn, supra; Stull's Chemicals v. Davis (Civ.App.) 263 S.W.2d 806 (no writ history); Anderson v. Southwestern Presbyterian Home and School for Orphans (Civ.App.) 248 S.W.2d 775 (error dismissed); Pool v. Sanders (Civ.App.) 241 S.W.2d 739 (no writ history). We are therefore of the opinion and so hold the form of the plea of privilege was sufficient, and was not subject to plaintiff's general objection.

█ Having concluded the plea of privilege was sufficient and contained all the necessary allegations, and it appearing that no controverting affidavit was filed, the trial court erred in overruling defendant's plea of privilege. Under these circumstances the case now comes within the well-settled rule of law that where a defendant has filed a plea of privilege to be sued in the county of his residence and gives notice thereof in accordance with the provisions of Rule 86, T.R.C.P., and the plaintiff fails to controvert such plea within ten days thereafter, the trial court possesses no jurisdiction over said cause other than the authority to enter an order transferring the case to the county of the defendant's residence as set forth in the plea of privilege. John E. Quarles Co. v. Lee (Comm. App.) 58 S.W.2d 77; Bell v. Jasper Lbr. Corp. (Civ.App.) 287 S.W.2d 746 (writ dismissed); Bogle v. Landa (Comm.App.) 127 Tex. 317, 94 S.W.2d 154 (opinion adopted).

■ We are aware of the rule that insufficiency of a plea of privilege may be tested by exceptions, and that in such cases controverting affidavits are unnecessary. Peacock v. Bradshaw (Sup.Ct.) 145 Tex. 68, 194 S.W.2d 551; Duncan v. Glasscock (Civ.App.) 118 S.W.2d 658 (no writ history). In cases so holding, however, there was an insufficiency of the plea of privilege appearing on its face. Here there is no insufficiency, and the plaintiff failed to file a controverting affidavit in the alternative at its own risk.

The judgment of the trial court is therefore reversed and the trial court is instructed to enter an order transferring this case to the County Court of Coryell County, Texas.