**TEXAS TELEPHONE & TELEGRAPH COMPANY, Appellant,**

v.

**SABINE COUNTY RURAL CITIZENS COUNCIL et al., Appellees.**

**No. 111.**

Court of Civil Appeals of Texas.

Tyler.

Feb. 4, 1965.

James C. Winters, Blades, Crain, Slator & Winters, Houston, for appellant.

Hugh O. Lea, Hemphill, for appellees.

SELLERS, Justice.

Appellees, Sabine County Rural Citizens Council and Newton County Rural Citizens Council, as plaintiffs, sued defendant, Texas Telephone & Telegraph Company, in the District Court of Sabine County. This defendant timely filed its plea of privilege in due form to be sued in Harris County. The plaintiffs filed a controverting plea to defendant's plea of privilege.

The material allegations contained in the controverting plea of plaintiffs are as follows:

"Plaintiff denies, and here avers to the untrue and false, the following allegations of Defendant contained in such plea of privilege: That Defendant was not at the time of service of process a resident of Sabine County, Texas, that Defendant was not such a resident at the time of the filing of such suit, that Defendant is not such a resident at the time of the filing of such plea; that no exception to exclusive venue in the County of one's residence, provided by law, exists in such case.

"Plaintiffs petition alleges facts which show and aver and it is a fact, that Defendant corporation does business in Sabine County, Texas, has a business office in Sabine County, Texas, has done business with Plaintiffs, charging and collecting money, all in Sabine County, Texas, has made contracts with Plaintiffs in Sabine County, Texas, which legality are the subject matter of this cause, all within the meaning of exception 5 and exception 23 to Article 1995 of Vernon's Annotated Civil Statutes."

After hearing, the trial court entered its judgment overruling the plea of privilege to which action the defendant in due order excepted to the ruling of the court and has prosecuted an appeal to this court.

The plaintiffs in the trial court, appellees here, have filed no brief in support of the trial court's ruling. The defendant in the trial court, appellant here, at the outset of this appeal questions the sufficiency of the controverting plea to justify the trial court's ruling, and we are of the opinion that the contention of appellant must be sustained, and the ruling of the trial court reversed and the cause ordered transferred to the District Court of Harris County, Texas.

It will be noted that the controverting affidavit does not have attached to it a copy of plaintiffs' petition, nor does it incorporate allegations thereof by reference or otherwise. The controverting affidavit does not undertake to set out the facts constituting the plaintiffs' cause of action. It is a well established rule that a controverting affidavit to a plea of privilege must contain sufficient allegations within itself, or by appropriate reference, to set out a cause of action triable in the county where the suit is filed, and a failure to do so renders the controverting affidavit insufficient. Henderson Grain Co. v. Russ, 122 Tex. 620, 64 S.W.2d 347; Faught v. Cloud, Tex.Civ.App., 131 S.W.2d 137, and authorities therein cited.

The judgment of the trial court is reversed and the cause ordered transferred to Harris County, Texas.