**PENNSYLVANIA INSURANCE COMPANY, Appellant,**

**v.**

**STORBECK & GREGORY, Appellee.**

**No. 16642.**

Court of Civil Appeals of Texas.

Fort Worth.

May 28, 1965.

Rehearing Denied June 25, 1965.

Strasburger, Price, Kelton, Miller & Martin, R. Keith Drummond, and Royal H. Brin, Jr., Dallas, for appellant.

Lefkowitz, Green, Ginsberg, Eades & Gilmore, and Jack D. Eades, Dallas, for appellee.

LANGDON, Justice.

This suit was instituted under Article 5160, Vernon's Ann.Tex.Civ.St., commonly known as the McGregor Act, seeking recovery for balance claimed under a contract to perform services and furnish material in connection with the construction of the married students apartments at North Texas College in Denton, Texas.

The appellant filed its plea to the venue, asserting its statutory right under Article 5160, Subd. G, to be sued in the county in which the project or work or any part thereof is situated and then answered by

way of general denial and plea of lack of the written notices required by the Statute.

The case, including the plea to the venue, was tried by the Court without a jury and judgment was entered for appellee, overruling the plea to the venue and awarding damages against appellant in the amount of $4,861.51 plus interest and costs.

■ Appellant contends that the trial court erred in overruling its plea to the venue because venue in Denton County is mandatory under the Statute. It raised other points relating to notices required by the Statute which are defensive in nature. In view of our disposition of the case a discussion of these points is not essential to this opinion.

It is undisputed in this suit brought under Article 5160, V.A.T.S., that all of the work covered by the contract and bond was situated in Denton County. No part of it was situated in Dallas County.

Article 5160, Subd. G, provides: "All suits instituted under the provisions of this Act shall be brought in a court of competent jurisdiction in the county in which the project or work, or any part thereof, is situated."

The last exception to the general venue statute, Article 1995 (30), provides that whenever the venue is expressly prescribed in a law authorizing or regulating any particular action, a suit shall be commenced in the county to which jurisdiction is so expressly given. As pointed out in 59 Tex. Jur.2d 372, "Venue", § 9, a typical example thereof is the very statute here involved, Article 5160, as to suits for collection for labor and materials furnished prime contractors on public works. Any statute of this nature that authorizes a particular action and procedure and describes its venue is made a part of the venue statutes by the very terms of the final exception to the general venue statute. Universal Credit Co. v. Dunklin, 129 Tex. 324, 105 S.W.2d 867 (1937); Ballard v. Shock, 91 S.W.2d

385 (Eastland Civ.App., 1933, no writ history).

With specific reference to the statute here involved, Cole v. Western Brick & Supply Company, 364 S.W.2d 761 (Amarillo Civ.App., 1963, Dismissed), holds that when suit is brought under this act, the mandatory and exclusive venue provisions of the act control, and that the plaintiff has the burden to establish the requisite venue facts. See also Cole v. Smith & Wardroup, Inc., 364 S.W.2d 763 (Amarillo Civ.App., 1963, Dismissed). The appellee failed to meet the burden of alleging and proving the venue facts required of it under the above cases. It filed no controverting plea setting forth specifically the grounds relied upon to confer venue of the case in Dallas County. Since it failed to show any basis for venue the Court's only alternative in view of the plea to the venue was to transfer the cause to Denton County. Atteberry, Inc. v. Standard Brass & Mfg. Co., 270 S.W.2d 252 (Waco Civ.App., 1954, Writ ref., n. r.e.); Southern Insurance Company v. Rogers, 342 S.W.2d 135 (San Antonio Civ.App., 1961, no writ history); Terrell v. Vandergriff, 351 S.W.2d 910 (Amarillo Civ.App., 1961, no writ history).

■ The appellant in its plea to the venue and in its prayer for general relief prays the Court to dismiss the action against it rather than transfer to Denton County which would have been proper. We disagree with appellee's contention that a prayer for the wrong relief would deny proper relief to a party otherwise entitled thereto.

The appellant's plea to the venue made clear its position that proper venue was Denton rather than Dallas County and why.

■ Under a general prayer, any relief appropriate to the facts proved at the trial may be granted. Morris v. Biggs & Co., 165 S.W.2d 915 (Amarillo Civ.App.1942, Dismissed); Payton v. City of Big Spring, 157 S.W.2d 975 (Eastland Civ.App., 1941, no writ history). As stated in 33 Tex.Jur.

2d 555, "Judgments", § 57, "Even though a party in his prayer for special relief has mistakenly asked unauthorized relief, he may under a general prayer be awarded the relief to which he is entitled under his pleadings and evidence." See also Williams v. Chambers, Roy & Co., 26 S.W. 270 (CCA of Texas, 1894, refused).

Traders & General Ins. Co. v. Curby, 103 S.W.2d 398 (Waco Civ.App., 1937, no writ history), held in such respect: "But the venue in such cases is controlled by the act itself and not by the provisions of Revised Statutes, art. 1995, and the many exceptions therein provided. Neither is the right to a transfer of such a cause to the proper court controlled by the provisions of article 2007 with reference to the form of a plea of privilege, nor is the procedure to be followed in such a case controlled by the provisions of Revised Statutes, art. 2008, regulating the procedure in pleas of privilege cases generally." See also Texas Employers' Ins. Ass'n v. Ribble, 260 S.W.2d 719 (Eastland Civ.App., 1953, no writ history); Lloyds Casualty Co. of New York v. Lem, 62 S.W.2d 497 (Galveston Civ.App., 1933, Dismissed).

Even as to an ordinary plea of privilege it is held that the omission of a prayer to transfer the case to the proper county is not fatal to the plea, "especially when the plea and venue hearing disclosed that the transfer must be made, and can only properly be made, to one county." McDonald, Texas Civil Practice, § 4.43(d), p. 434. To the same effect see Kinder & Keach v. Adams Nat. Bank of Devine, 184 S.W.2d 536 (San Antonio Civ.App., 1944, Dismissed).

In Terrell v. Vandergriff, supra, the plaintiff contended that the plea of privilege was insufficient in that it made no request or prayer that the case be transferred to any other county but simply challenged the venue in Dallas County, where suit was brought. This position was rejected by the appellate court, which reversed the judgment of the trial court overruling the plea

of privilege and instructed the trial court to transfer the case to the proper county. The court declared: "No case has been cited and we have found none which requires the prayer to specifically seek a transfer of a case to a designated county. Although we are of the opinion it is better practice to pray that the case be transferred to a particular county, we do not think such an omission is fatal when all requirements of Rule 86 are met. It is to be noted that Rule 86 makes no reference to the prayer of a plea of privilege."

The judgment overruling the plea to the venue is reversed and the trial court is instructed to enter an order transferring this case to the District Court of Denton County, Texas, for trial on the merits.