**SOUTHERN COUNTY MUTUAL INSURANCE COMPANY, Appellant,**

v.

**Kenneth A. DOUGLAS, Appellee.**

No. 4371.

Court of Civil Appeals of Texas.

Waco.

June 24, 1965.

Rehearing Denied July 15, 1965.

Akin, Vial, Hamilton, Koch & Tubb, Arthur M. Albin, Dallas, for appellant.

Mays, Jacobs & Pevehouse, Roe, Ralston & Brown, William J. McKie, Corsicana, for appellee.

McDONALD, Chief Justice.

This is an appeal from an order overruling defendant's plea of privilege.

Plaintiff Douglas filed suit against defendant Insurance Company, alleging defendant was a corporation engaged in writing liability insurance; that it had insured Robert L. Young; that plaintiff had recovered a judgment for $29,340 against Young; that the policy provided that one who obtained a judgment against the insured had a right to bring an action for recovery on the policy; and plaintiff prayed for judgment for the $29,340. Robert L. Young intervened, alleging substantially the foregoing, and prayed that plaintiff's judgment against him be satisfied by judgment against defendant.

Defendant filed its pleas of privilege to be sued in Dallas County, the county of its residence.

Plaintiff and intervenor controverted, alleging that plaintiff resides in Navarro County; that the cause of action arose in Navarro County; that defendant is a Statewide Mutual Assessment Insurance Company having an agent in Navarro County and that venue is maintainable in Navarro County under Subdivisions 28 and 28a of Article 1995, Vernon's Ann.Tex.Civ.St.

Trial was before the Court without a jury which, after hearing, overruled defendant's pleas of privilege.

Defendant appeals, contending that Subdivisions 28 and 28a of Article 1995 V.A.T.S. are not applicable, and that plaintiff failed to allege and prove he was entitled to retain venue in Navarro County under any other subdivision. Plaintiff alleged and proved that he was struck by Robert Young's vehicle on March 21, 1964 and recovered judgment against Young for $29,340; that defendant was a Statewide County Mutual Fire Insurance Company authorized to write liability insurance; that defendant issued a liability policy to Young in February, 1964 and Young paid a premium of $66 therefor; that such policy provides for suit to be brought by any person who has secured judgment against the insured; that plaintiff is a resident of Navarro County; that the cause of action arose in Navarro County; and that defendant has an agent in Navarro County.

Subdivision 28a, Article 1995 V.A.T.S. provides, among other things, that in all actions against Statewide Mutual Assessment Insurance Companies, regardless of the plan under which they operate, venue shall lie where the policyholder or beneficiary instituting suit resides, or where the cause of action arose.

■ We think venue sustainable in Navarro County under Subdivision 28a, Article 1995.

■ Moreover, plaintiff's pleading and proof established that defendant was a corporation having an agent in Navarro County. As noted, plaintiff resides in Navarro County and the cause of action arose in Navarro County. Subdivision 23, Article 1995 provides that suits against corporations may be brought in any county where the plaintiff resides at the time the cause of action arose, or where the cause of action arose, provided the corporation has an agency or representative in such county. It is true that plaintiff did not refer specifically to Subdivision 23 in his controverting affidavit. This, however, will not deprive him of the right to rely on such subdivision if the facts alleged in his petition and controverting affidavit and established, comply with the terms thereof. Hunt Oil Co. v. Murchison, CCA (n. w. h.), 352 S.W.2d 365; Patrick v. Webb, CCA, Er.Dis., 369 S.W.2d 446. Venue in Navarro County is sustained by Subdivision 23, Article 1995.

Defendant's points are overruled.

Affirmed.