**GEARY, HAMILTON, BRICE & LEWIS,**
**Appellant,**

**v.**

**COASTAL TRANSPORT COMPANY, Inc.,**
**et al., Appellees.**

**No. 16661.**

Court of Civil Appeals of Texas.

Dallas.

Feb. 4, 1966.

Andress, Woodgate, Richards & Condos, Dallas, for appellant.

Vinson, Elkins, Weems & Searls, Raybourne Thompson and W. H. Drushel, Jr., Houston, for appellees.

BATEMAN, Justice.

Appellant sued appellees Coastal Transport Co., Inc. and R. L. Atwell, Jr. for debt. Both defendants filed pleas of privilege to be sued in Harris County, that of Coastal Transport Co., Inc. being as follows:

*"PLEA OF PRIVILEGE OF DEFEND-ANT COASTAL TRANSPORT CO., INC.*

"Comes now Defendant, COASTAL TRANSPORT CO., INC., a corporation, *claiming its privilege to be sued in the county of its residence* and says that it was not at the time of the institution of this suit, nor at the time of the service of process herein, nor at the time of filing of this plea, a resident of Dallas County, the County in which the suit was instituted, but was a resident of Harris County, Texas, post office address Box 66849, Houston, Texas, and no exception to exclusive venue in the county of one's residence provided by law exists in said cause." (Italics ours.)

(Proper affidavit of the defendant followed.)

That of appellee R. L. Atwell, Jr. was in similar form. Following each plea of privilege was a special exception and a sworn denial of the account sued on, all filed together as one pleading in three parts. Appellant did not file a controverting plea to either plea of privilege. Both pleas of privilege were sustained and appellant presents two points of error on appeal.

■ The first point is that in the absence of a prayer in connection with the plea of privilege, the court erred in ordering the case transferred, a prayer being essential to a plea of privilege. We see no merit in this point. The cases cited by appellant, to the effect that a prayer is an essential part of a pleading, have no application here because, as held in Terrell v. Vandergriff, Tex.Civ.App., 351 S.W.2d 910, no wr. hist., a plea of privilege is more than a pleading; it constitutes prima facie proof of the defendant's right to a change of venue. The pleas of privilege here, by the language used in the very first sentence, put the court and the plaintiff on notice that the defendants were "claiming" the privilege of being sued in the county of their residence, stating it. The pleas also contained all of the other information required by Rule 86, Texas Rules of Civil Procedure. That rule makes no requirement of a prayer. It is our view that the pleas in question were in sufficient compliance with the rules to make prima facie proof of the appellees' right to be sued only in Harris County, and that in the absence of a controverting plea asserting a right to maintain the suit in Dallas County the district court of that county was powerless to take any action in the case except to order it transferred to Harris County. See also Pennsylvania Ins. Co. v. Storbeck & Gregory, Tex.Civ.App., 391 S.W.2d 811, no wr. hist.; and Kinder & Keach v. Adams Nat. Bank, Tex.Civ.App., 184 S.W.2d 536, wr. dism.

The following is quoted from McDonald, Texas Civil Practice, § 4.43(d):

"The prayer should indicate the order sought, usually one transferring the action to the county of the defendant's residence. *But the omission of the prayer is not fatal to the plea, especially when the plea and venue hearing disclose that the transfer must be made, and can only properly be made, to one county.*" (Italics ours.)

On these authorities and for these reasons the first point is overruled.

■ By its second point of error the appellant contends that since the special exception and denial are not made expressly subject to the plea of privilege, the jurisdiction of the court was invoked by the prayer at the end of the special exception, and that this constituted a waiver of the plea of privilege, citing Mooney Aircraft, Inc. v. Adams, Tex.Civ.App., 377 S.W.2d 123, no wr. hist.

In the Mooney case we held that a defendant who filed pleas of privilege in two companion cases and thereafter, before a hearing on the venue question, filed and *presented to the court* a motion to consolidate the cases, which motion was granted, thereby waived his pleas of privilege. That decision was based principally upon the opinion of the Commission of Appeals in O'Neal v. Texas Bank & Trust Co. of Sweetwater, 118 Tex. 133, 11 S.W.2d 791, wherein it was held that a defendant who filed pleas of privilege in two companion suits, and prior to a hearing on either filed a plea to abate one suit pending hearing of the other and, subject thereto, a motion to consolidate the cases, *and obtained a hearing of his plea in abatement,* waived the pleas of privilege. We made the following excerpt from the opinion in O'Neal a part of our opinion in Mooney:

"We do not hold that mere filing of a plea in abatement (of the kind shown here), even though the question as to privilege of venue be not expressly saved in the plea amounts to a waiver; what we do hold is that, if such a plea with its issues be actually submitted for determination before action on the plea to venue, there is submission to jurisdiction of the court with consequent waiver of the latter plea."

In both O'Neal and Mooney the pleas invoking the jurisdiction of the court were actually submitted or presented to the court and rulings thereon demanded. In the case before us, however, there is nothing in the record to indicate that the special exception or anything else in the case was presented to the court for decision prior to the hearing of the pleas of privilege. That being true, we are unwilling to hold that a waiver of the pleas of privilege was shown.

Both points of error are overruled and the order appealed from is

Affirmed.