**JOHNSON SERVICE COMPANY,**
Appellant,

v.

**CINBAR ENGINEERING COMPANY, Inc.,**
Appellee.

No. 11456.

Court of Civil Appeals of Texas.

Austin.

Nov. 23, 1966.

Rehearing Denied Dec. 14, 1966.

**472**

Brundidge, Fountain, Elliott & Churchill, Bobby D. Dyess, Dallas, for appellant.

J. Malcolm Robinson, Austin, for appellee.

HUGHES, Justice.

This is a venue case. It was instituted in Dallas County by Johnson Service Company, appellant, against I. Murphy Co., Inc., The Aetna Casualty Company and appellee, Cinbar Engineering Company, Inc.

There is no statement of facts. This case was tried upon stipulation and admissions of the parties. The facts are not in dispute.

Murphy is a resident of McLennan County. Cinbar is a resident of Travis County. Aetna is a foreign corporation with an agent in Dallas County.

Robert Schroeder, Jr. was general contractor for the construction of a high school in Copperas Cove, Coryell County.

Cinbar was a subcontractor under Schroeder for plumbing, heating and air conditioning work on the Copperas Cove school. It gave a bond to accommodate Murphy and to enable Murphy to become a subcontractor under Schroeder. Aetna was surety on this bond. This bond recited that Cinbar, as principal, and Aetna, as surety, were bound to Schroeder for the use and benefits of claimants in a fixed sum. "Claimants" were defined "as one having a direct contract with the Principal" for labor and material used in performance of the subcontract with Cinbar. The condition of the bond was that if Cinbar paid claimants, the bond would be void, otherwise to be in full force and effect.

Appellant contracted with Murphy to furnish and supervise installation of a temperature control system in the Copperas Cove High School. Appellant completed this contract at a cost of $1,250.00. Appellant also supplied other materials which went into the school building, the cost of which was $190.00.

Murphy did not pay appellant for the work and materials furnished as above indicated and appellant notified Aetna of this fact and Aetna, in turn, notified Cinbar. Cinbar thereupon paid the $190.00 claim to appellant but refused to pay the $1,250.00 on the ground that it was not given adequate notice of the claim.

Cinbar pleaded its privilege to be sued in Travis County, the county of its residence. By a supplemental plea of privilege Cinbar alleged that no cause of action was pleaded against Aetna, the resident defendant, under Art. 5160, and, in the alternative, that the cause of action against Aetna is upon a surety bond given for the performance of work to be done in Coryell County and that under Art. 7.01, Texas Insurance Code, V.T.C.S., venue of such suit is mandatorily fixed in the county where such bond is filed.

It is not alleged that the bond executed by Aetna was filed in Coryell County or in any other county. Neither have we found any admission or stipulation giving information on this matter, nor do the briefs mention it. In fact, appellee does not cite Art. 7.01 in its brief.

We quote the following from appellee's supplemental plea of privilege:

"Therefore, mandatory venue against the Defendant, Aetna Casualty & Sure-

ty Company, is in Coryell County where Copperas Cove, Texas, is located and cannot be maintained in Dallas County.

WHEREFORE, premises considered, Defendant prays the Court to sustain its plea of privilege heretofore filed and supplemented herein by this instrument and transfer the cause to Travis County, Texas, the residence of this Defendant."

The trial court interpreted appellee's plea of privilege as requesting transfer of the case to Travis County only but was "of the opinion that this cause should be transferred to Coryell County because it has come to the Court's attention that Coryell County is the location of where the construction of the Copperas Cove High School took place, and by virtue of the decision in Pennsylvania Ins. Co. v. Storbeck and Gregory [Tex.Civ.App.], 391 S.W.2d 811."

Since appellee did not ask that this case be transferred to Coryell County it has waived any right which it may have had in this respect. K. S. Wendler Construction Co., Inc. v. Austin Mechanical Contracting Co., Tex.Civ.App., 407 S.W.2d 852, Austin (October 26, 1966) and authorities therein cited.

It only remains to be determined whether appellee's plea of privilege that this case be transferred to Travis County should be sustained.

Appellant contends that this suit is maintainable in Dallas County under Sub. 4 of Art. 1995, V.T.C.S., which provides, in part, that, "If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides." Under this subdivision it was necessary that appellant allege and prove a cause of action against Aetna, the resident defendant.

Appellee contends that no cause of action was alleged or proved against Aetna because appellee did not allege or prove compliance with Art. 5160 regarding the giving of the notices required to recover on the bond in suit.

Appellant contends that this is not a suit on a bond required by Art. 5160, but is a suit on a common law bond, that Aetna is liable as a surety on such bond and appellee as principal on such bond is a necessary party under Rule 31, Texas Rules of Civil Procedure.

It is not questioned but that the construction of a high school is within the provisions of Art. 5160, and that regardless of the terms of the bond if given pursuant to such Act, the provisions of Art. 5160 would be written into it by law.

The position of appellant is that Art. 5160 does not require a bond from a subcontractor to a subcontractor, as here involved, and Art. 5160 and its notice provisions are not incorporated in such bond and are not otherwise applicable.

Appellee replies, "Although the subcontractor's bond is not spelled out as being required by the statute, it is, as a practical matter, required by the general contractor as a result of the requirements of 5160 upon him before he awards any subcontracts; so that for all practical purposes it is a requirement of Article 5160."

We cannot agree with the reasoning of appellee. If the bond in suit is not a bond required by any statute, it is not a statutory bond; it is a common law bond. This question has been decided by the Waco Court of Civil Appeals, opinion by Judge Alexander, in Metropolitan Casualty Insurance Company of New York v. Texas Sand and Gravel Company, Tex.Civ.App., 68 S.W.2d 551, writ dismissed. The Court in speaking of a bond executed by a subcontractor in favor of the general contractor who was subject to the provisions of Art. 5160 said, "The bond in question, not being one required by the statute, is to be construed as a common-law obligation, and, if

liability is to be fixed against the surety in favor of Strain [a claimant for labor for the subcontractor], it must be by virtue of the provisions of the bond." See also Hannah v. Stephens, 101 S.W.2d 823, El Paso, Tex.Civ.App., n. w. h.

■ It follows that Art. 5160 is not applicable to this case and the question of whether appellant made out a case against Aetna must be determined by a consideration of the terms of the bond in suit, unaffected by the provisions of Art. 5160.

Appellee contends that appellant does not come within the protection of the bond in suit because appellant is not within the definition of a claimant as given in the bond since appellant had no direct contract with Cinbar, appellant's contract being with Murphy.

Appellant pleaded that Cinbar and Murphy as joint adventurers were subcontractors under Schroeder in the construction of the Copperas Cove school and, in the alternative, that Cinbar, by agreement with Schroeder and Murphy became principal on the bond given by mechanical subcontractors for the performance by Murphy for the work contracted to be performed.

The bond given reflects that Cinbar was principal in the bond and that it was a subcontractor.

Cinbar admitted that it furnished the bond in suit to accommodate Murphy "but only as co-surety with Aetna * * * regardless of the form of the bond."

Cinbar further admitted that it furnished the payment bond to Murphy to accommodate Murphy " * * * to become the subcontractor under Schroeder * * * " for the construction of the Copperas Cove school.

Cinbar also admitted that it " * * * was paying for all matters in connection with labor furnished or materials supplied to I. Murphy Company in the construction of the Copperas Cove High School * * "

On July 16, 1965, appellee, by its attorney, sent appellant the following communication:

"Johnson Service Co.
507 East Michigan Street
Milwaukee, Wisconsin 53201

      Re: I. Murphy Company, Inc.
           Copperas Cove High School
           Copperas Cove, Texas

Gentlemen:

Enclosed please find payment in full for all matters in connection with the captioned. This payment is being made to you direct from Cinbar Engineering Co., Inc., in lieu of payment by Aetna Life and Casualty Company. Notice as to any other alleged indebtedness was not timely under the Texas statutes and this represents full payment."

Regarding this payment, appellee states in its brief " * * * so Cinbar paid the $190.00 to Johnson stating in the transmittal letter that that was all that it was obligated to pay because it had not received adequate notice as to the first indebtedness."

■ It is our opinion that the relationship between Cinbar and Murphy was such that a contract with Murphy was, in effect, a contract with Cinbar.

We reach this conclusion because of the admissions of Cinbar that it furnished the bond in suit to accommodate Murphy and to enable it to procure a subcontract with Schroeder, and because it admitted liability for the debts of Murphy under its contract with appellant.

Whether Aetna was privy to this arrangement is a more delicate question.

The only evidence in the record to suggest acquiescence in or knowledge on the part of Aetna to the arrangement between Cinbar and Murphy of the nature indicated above is Cinbar's admission that it was co-surety with Aetna regardless of the form

of the bond. This indicates that some agreement or understanding must have been reached between Cinbar and Aetna, possibly to the effect that the true principal in the bond was Murphy.

We do not believe this case has been fully developed and that, in the interest of justice, it should be reversed and remanded. Adding weight to this conclusion is our holding that the trial court disposed of this case on an erroneous theory.

The order transferring this case to Coryell County is set aside and this cause is reversed and remanded.

Reversed and remanded.