**CORPUS CHRISTI HARDWARE COM-
PANY, Appellant,**

v.

**Eugene B. FARRAR et ux., Appellees.**

**No. 15111.**

Court of Civil Appeals of Texas.

Houston.

June 15, 1967.

———◆———

Rankin, Kern, Martinez & Van Wie, Stonewall Van Wie, III, McAllen, for appellant.

Bing & Willy, Anthony Willy, Freeport, for appellees.

WERLEIN, Justice.

This is an appeal by appellant, Corpus Christi Hardware Company, from an order of the trial court overruling its plea of privilege in a suit brought against it and R. G. Coleman and wife, Joyce Coleman, defendants in the District Court of Brazoria County, Texas, by appellees, Eugene Buford Farrar and wife. Appellees alleged in their original petition that they were residents of Brazoria County, and that appellant was a business corporation duly incorporated under the laws of the State of Texas, with its principal office and place of business at Corpus Christi, Texas, and the Colemans were residents of Brazoria County.

In its plea of privilege appellant states that it resides in Corpus Christi, Nueces County, Texas. It also states that it was not at the time of the institution of the suit, nor at the time of the service of process therein, nor at the time of the filing of its plea of privilege, a resident of Brazoria County, Texas, and that at such times its residence was and is Corpus Christi, Nueces County, Texas, and its postoffice address was and is Baldwin and Highway 44, Corpus Christi, Nueces County, Texas, and that no exception to exclusive venue in the county of one's residence provided by law exists in said cause.

In their controverting plea appellees, after denying the statement of appellant in its plea of privilege that no exception to exclusive venue in the county of one's residence exists, made the following allegations:

"Plaintiffs filed herein, a petition wherein R. G. Coleman and wife, Joyce Coleman of Brazoria County, Texas, are Defendants, in said petition Corpus Christi Hardware Company of Nueces County, Texas is a Co-Defendant, due to the residence of Mr. and Mrs. R. G. Coleman this Court has venue.

"Plaintiffs would further show, aver, and it is a fact, this suit is to clear title to real property and that said real property is located in Brazoria County, Texas, therefore by the nature of this action this Honorable Court has exclusive venue.

"Plaintiffs would also show that the petition filed in this cause requests specific performance of a sales contract, which contract was entered into and was to be performed in Brazoria County, Texas, due to the foregoing this Court has venue.

"Premises considered, Plaintiffs pray that such plea of privilege be overruled."

Appellees do not adopt or incorporate in their controverting plea their original petition or any of the allegations of

their petition. In the affidavit to their controverting plea they state: " * * * that the allegations, denials, and facts set out in the foregoing controverting plea are true and correct." Their controverting plea in itself fails to allege a cause of action against anyone, and is wholly insufficient and inadequate since the allegations in the petition are not adopted or incorporated therein, and appellees do not purport to swear that the allegations in the petition are true. Chapman v. First Nat. Bank of Wellington, 221 S.W.2d 318, Tex.Civ.App., and authorities cited therein; A. H. Belo Corp. v. Blanton, 1930, 133 Tex. 391, 129 S.W.2d 619; Fair v. Mayfield Feed & Grain Co., 203 S.W.2d 801, Tex.Civ.App. 1947; Texas Tel. & Tel. Co. v. Sabine County Rural Citizens Council, 387 S.W.2d 154, Tex.Civ.App.1965.

In their controverting plea appellees do not refer specifically to the particular subdivisions of Article 1995, Vernon's Annotated Texas Civ.Statutes, upon which they rely, but in such plea it appears that they are attempting to rely upon Subdivisions 4, 14 and 5. Their failure to allege specifically the subdivisions relied upon by them would not in itself deprive them of the right to rely thereupon, if the facts alleged in their controverting plea were sufficient to establish any exception and were properly verified. Southern County Mutual Ins. Co. v. Douglas, 392 S.W.2d 599, Tex.Civ. App.1965, error dism.

Appellees' petition, even if it could be considered, contains no allegations or prayer with respect to clearing title to any land. Appellees may not rely on the statement in their plea that their suit was to clear title to real property, since their plea cannot supply the omission of such allegation in their petition. The plea may not serve to enlarge the petition. Price v. Murrell R. Tripp & Co., 268 S.W.2d 702, Tex. Civ.App.1954; Texas Planting Seed Ass'n v. Hooker, 386 S.W.2d 348, Tex.Civ.App.

Appellees' cause of action is clearly one for specific performance of a sales contract. The law is well settled that a suit for specific performance of a contract for the sale of land is not within exception 14. Hearst's Heirs v. Kuykendall's Heirs (1856), 16 Tex. 327; Miller v. Rusk, 17 Tex. 170; Mixan v. Grove (1883), 59 Tex. 573; Burkitt v. Wynne, 62 Tex.Civ.App. 560, 132 S.W. 816, 1911, error ref.; Hicks v. Hicks, 395 S.W.2d 400, Tex.Civ.App. 1965.

The only evidence introduced during the hearing on the plea of privilege was in the form of written stipulations, all of which were objected to by appellant because of no pleading alleging a cause of action against anyone. In view of appellant's specific objections to the admission in evidence of the stipulations because of no pleading, the failure of appellant to point out the defects in appellees' controverting plea will not be considered under Rule 90, Texas Rules of Civil Procedure, as a waiver by appellant of such defects; nor can it be said in view of such objections that there was a trial of the issues by implied consent. Buchanan v. Jean, 1943, 141 Tex. 401, 172 S.W.2d 688. In a hearing on a plea of privilege, the only pleadings that can be considered are such plea and the controverting plea. In the instant suit, the controverting plea and affidavit are insufficient and inadequate to prove any venue facts under any of the subdivisions of said Article 1995, V.A.T.S.

Appellees contend that appellant's plea of privilege is insufficient since it does not specifically state to what court the cause of action should be transferred. In its prayer appellant prays that the court sustain its plea of privilege. It is our view that its plea of privilege is sufficient. There was no county other than Nueces County to which the suit could have been transferred. Moreover, the plea met all the requirements of Rule 86, T.R.C.P. Terrell v. Vandergriff, 351 S.W.2d 910, Tex.Civ. App.1961; Geary, Hamilton, Brice & Lewis

v. Coastal Transport Co., Inc., 399 S.W.2d 878, Tex.Civ.App.1966; Pennsylvania Ins. Co. v. Storbeck & Gregory, 391 S.W.2d 811, Tex.Civ.App.; Kinder & Keach v. Adams Nat. Bank, 184 S.W.2d 536, Tex.Civ.App., writ dism.; Rule 86 T.R.C.P. See also McDonald, Texas Civil Practice, Sec. 4.43(d), where it is stated:

"The prayer should indicate the order sought, usually one transferring the action to the county of the defendant's residence. But the omission of the prayer is not fatal to the plea, especially when the plea and venue hearing disclose that the transfer must be made, and can only properly be made, to one county."

The judgment of the Trial Court is reversed and the cause remanded to the Trial Court with instructions to transfer the suit as to appellant, Corpus Christ Hardware Company, to the District Court of Nueces County, Texas.