**GALLERIA BANK, Appellant,**

v.

**SOUTHWEST PROPERTIES, INC., et al.,
Appellees.**

No. 16110.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

July 19, 1973.

Dyche, Wright, Sullivan, Bailey & King, Aubrey B. Calvin, Houston, for appellant.

Barker, Lain, Smith & Schwab, Elmo Schwab, Galveston, for appellees, Southwest Properties, Inc. and United Bank of Arizona.

Dibrell, Dibrell, Greer & Brown, Thomas P. Hewitt, Galveston, for appellees, Mitchell Chuoke and I. P. Kovacevich.

COLEMAN, Chief Justice.

This is an appeal from an order overruling appellant's plea of privilege. The principal question is whether appellant is a "necessary party" as that term is used in Subdivision 29a of Article 1995, Vernon's Ann.Tex.Civ.St. The judgment is reversed.

The plaintiffs, Mitchell Chuoke and I. P. Kovacevich, doing business as Chuko Realty Management Company, sued Southwest Properties, Inc., in Galveston County, Texas, for the return of $4,000.00 earnest money. Southwest Properties, Inc., answered that it had paid the money by a check drawn on United Bank of Arizona payable to Chuko Realty and Winholm Investment Co. It alleged that the check had been cashed by the Galleria Bank and paid by United Bank and that it bears what purports to be the endorsement of Chuko Realty and Winholm Investment Co. The answer contained a cross-action against United Bank. United Bank answered and filed a cross-action against Galleria Bank alleging that it had guaranteed prior endorsements. Galleria Bank filed its plea of privilege, alleging its residence to be in Harris County, Texas. The plaintiffs then amended their petition to include as defendants United Bank of Arizona and Galleria Bank and alleged that they had never received the check or funds by reason thereof, and that neither of the plaintiffs, nor anyone by their authority, had endorsed the check. Galleria Bank then filed its plea of privilege to the suit filed by the plaintiffs. Controverting affidavits were filed and after a trial to the court, an order was entered overruling the plea of privilege.

Appellees contend that there is evidence that the cause of action or part thereof arose in Galveston County and that United Bank of Arizona and Southwest Properties, Inc., are foreign corporations. They conclude that venue is proper in Galveston County by reason of Subdivisions 3, 27, and 29a, Art. 1995, V.A.C.S.

In their controverting affidavit plaintiffs allege that their cause of action against defendants is "based upon a contract for the sale of land which was made by and between Southwest Properties, Inc., and plaintiffs, which contract was consummated entirely within Galveston, Galveston County, Texas, and Defendants United Bank of Arizona and Galleria Bank are necessary parties to this cause of action." The plaintiffs' first amended petition was incorporated into the controverting affidavit.

The plaintiffs alleged that Southwest Properties, Inc. is an Arizona Corporation. At the trial they proved by a preponderance of the evidence a cause of action against Southwest Properties, Inc., which arose in Galveston County, Texas. This was sufficient to establish venue in Galveston County as to Southwest Properties, Inc., under Subdivision 23, Art. 1995, V.A.C.S. Southern County Mutual Insurance Co. v. Douglas, 392 S.W.2d 599 (Tex.Civ.App.—Waco 1965).

■■ The failure of any adverse party to deny under oath the allegation that Southwest Properties, Inc., is a corporation dispenses with the necessity of proof of that fact. Rule 52, Texas Rules of Civil Procedure; Ladner v. Reliance Corporation, 156 Tex. 158, 293 S.W.2d 758 (1956). It is not necessary for a party to allege in his controverting affidavit the specific subdivision of Art. 1995 relied on to sustain venue so long as the facts alleged and proven bring the case within an exception to exclusive venue in the county of a defendant's residence. Corpus Christi Hardware Co. v. Farrar, 417 S.W.2d 479 (Tex. Civ.App.—Corpus Christi 1967); Southern County Mut. Ins. Co. v. Douglas, 392 S. W.2d 599 (Tex.Civ.App.—Waco 1965, err. dism'd).

"The party relying upon exception 29a to hold venue in a county other than the county of the residence of a defendant asserting his statutory privilege must plead and prove that such defendant is a necessary party to the action." Shaw v. Allied Finance Company, 161 Tex. 88, 337 S.W.2d 107 (1960).

■■ Galleria Bank is a necessary party to plaintiffs' suit against Southwest Properties, Inc. only if the complete relief to which the *plaintiffs* are entitled under the facts of the case as against *Southwest Properties, Inc.,* cannot be obtained if Galleria Bank is not retained as party to the suit. Union Bus Lines v. Byrd, 142 Tex. 257, 177 S.W.2d 774 (1944). The fact that it would be more convenient to try the controversy among all the parties in a single suit, thereby avoiding a multiplicity of suits, cannot affect the outcome in view of the positive provisions of Art. 1995. Union Bus Lines v. Byrd, supra.

■ Rule 38, T.R.C.P., regulating third-party practice provides that the rule will not be applied so as to violate any venue statute as venue would exist absent the rule. The rules of civil procedure were not intended to, and do not, control venue. United States Steel Corp. v. Strong Drilling Co., 272 S.W.2d 791 (Tex. Civ.App.—Eastland 1955).

■ Galleria Bank was not a party to the contract on which plaintiffs brought suit. There is evidence that Galleria Bank cashed the check payable to plaintiffs and Winholm Investment Company and after guaranteeing prior endorsements received payment on the check from United Bank of Arizona. There is evidence that the endorsement of Chuko Realty was forged. The evidence is sufficient to support an implied finding establishing a cause of action in favor of United Bank of Arizona against Galleria Bank. There is no evidence that the check was delivered to plaintiffs or to anyone authorized to accept the check on behalf of plaintiffs as payment of any debt due to them from Southwest Properties, Inc. Plaintiffs have neither plead facts, nor produced evidence, on which a judgment in their favor against Galleria Bank could be based. The controversy between Galleria Bank and United Bank of Arizona, and that between United Bank of Arizona and Southwest Properties, Inc., are severable from plaintiff's action against Southwest Properties, Inc. Galleria Bank is not a necessary party to plaintiffs' action against Southwest Properties, Inc., or to such action as it may have against United Bank of Arizona. Sanders v. Select Insurance Company, 406 S.W.2d 937 (Tex.Civ.App.—Dallas 1966); Collins v. Mize, 436 S.W.2d 938 (Tex.Civ. App.—Amarillo 1969); United States Steel Corp. v. Strong Drilling Co., supra.

The judgment is reversed and plaintiffs' suit against Galleria Bank is ordered severed and transferred to the County Civil Court at Law No. 1 of Harris County, Texas. The cross-action of United Bank of Arizona against Galleria Bank is also ordered severed and transferred to the County Civil Court at Law No. 1 of Harris County, Texas.

Reversed and judgment rendered.