**AMERICAN UNIVERSAL INVEST-
MENT COMPANY et al,
Appellants,**

v.

**George HACKER, Appellee.**

**No. 1760.**

Court of Civil Appeals of Texas,
Corpus Christi.

Nov. 20, 1980.

F. Franklin Honea, II, Payne & Spradley, Dallas, for appellants.

Corbin L. Snow, Jr., Robert C. Patterson, San Antonio, for appellee.

OPINION

BISSETT, Justice.

This is a venue case. American Universal Investment Company and Burl Swafford, defendants in the trial court, have duly and timely appealed from an order of the District Court of Live Oak County, Texas, sitting without a jury, which overruled their pleas of privilege to be sued in Dallas County, Texas, where they resided. George

Hacker, plaintiff in the trial court, controverted the pleas of privilege and asserted that venue was properly maintainable in Live Oak County, Texas, under the provisions of Tex.Rev.Civ.Stat.Ann., Article 1995, Subdivision 14. The parties will be referred to as "plaintiff" and "defendants" as they were in the trial court.

Plaintiff, in his suit against the defendants, alleged that the latter procured two mineral deeds from plaintiff as a result of undue influence. As a result, plaintiff seeks a recision of the deeds and prays that the cloud cast on his title by the recording of the deeds be removed.

Four points of error are brought forward. In summary, defendants contend that the trial court erred in overruling the pleas of privilege because the record shows that plaintiff's controverting plea was fatally defective and, therefore, legally insufficient to support the order of the trial court. Plaintiff, in his controverting plea, denied "that no exception to exclusive venue in the county of one's residence provided by law exists in this cause"; and affirmatively pled that "an exception does exist by virtue of Revised Civil Statutes of Texas, Article 1995, Subdivision 14." Plaintiff further alleged in his controverting plea that his cause of action against defendants is for recovery of royalty, removal of cloud from his title to certain lands located in Live Oak County, Texas, and removal of encumbrances upon said land. It was specifically alleged:

"... Therefore, this suit may be maintained in Live Oak County, Texas, where it was filed, under the provision of the above venue statute (Article 1995, Subdivision 14), and such petition is hereby adopted and made a part hereof by referencing the same as if fully copied and set forth at length. The allegations of such petition are true and correct."

The controverting plea was signed by Corbin L. Snow, the attorney for plaintiff. Excluding the notarial certificate, the affidavit thereto reads as follows:

"THE STATE OF TEXAS
COUNTY OF BEXAR

BEFORE ME, the undersigned Notary Public, on this day personally appeared CORBIN L. SNOW, who being by me duly sworn on his oath deposed and said that he is the Attorney of Plaintiff, GEORGE HACKER, the above entitled and numbered cause; that he has read the above and foregoing Controverting Plea and that the facts contained therein are true.

/S/   Corbin L. Snow
        CORBIN L. SNOW"

Defendants say that the controverting plea is fatally defective because not only does that affidavit fail to state affirmatively that the allegations were true and correct "within the knowledge of the affiant" but, more importantly, that Corbin L. Snow testified at the venue hearing that he in fact had no such personal knowledge. They contend that this combination of factors, deficient pleading and affirmative proof, renders the controverting plea fatally defective.

It is undisputed that Corbin L. Snow is an attorney of record for plaintiff. He was the only witness who testified at the hearing. He stated that he did not have personal knowledge of the transactions set forth in plaintiff's petition and that the allegations therein contained are based on statements made to him by plaintiff and members of his family. The other evidence adduced at the hearing were plaintiff's Exhibits Nos. 1, 3 and 4. Exhibit No. 1 is a true and correct copy of plaintiff's original petition. Exhibits Nos. 3 and 4 are certified copies of the aforesaid mineral deeds which are duly recorded in the proper records in the office of the County Clerk of Live Oak, Texas.

Defendants did not object to the introduction of any of plaintiff's evidence, nor did defendants, by motion or exception in writing, challenge the controverting plea as being legally insufficient. Defendants first made the complaint that the controverting plea was a nullity in their argument to the court after all parties had rested their case.

Rule 90, T.R.C.P., in pertinent part, provides:

"Every defect, omission or fault in a pleading either of form or substance, which is not specifically pointed out by motion or exception in writing and brought to the attention of the Judge ... in a non-jury case, before the rendition of judgment, shall be deemed to have been waived by the party seeking reversal on such account..."

It is a well settled rule of law in this State that defects of form or substance in a pleading will be deemed to have been waived where they have not been raised by motion or exception in writing and timely brought to the attention of the trial judge. *Wade v. Superior Ins. Co.*, 244 S.W.2d 893 (Tex.Civ.App.—Eastland 1951, writ ref'd); *Texas Osage Co-op Royalty Pool v. Kemper*, 170 S.W.2d 849 (Tex.Civ.App.—Galveston 1943, writ ref'd); *Levinson v. Slater*, 565 S.W.2d 337 (Tex.Civ.App.—Corpus Christi 1978, no writ).

■ The defect in a controverting plea because of improper verification becomes fatal only when challenged in the manner proscribed by Rule 90, T.R.C.P., and the controverting party fails to correct the error by amendment. *Cactus Drilling Corporation v. Hager*, 487 S.W.2d 758 (Tex.Civ. App.—El Paso 1972, no writ); *Atlantic Mutual Ins. Co. v. Farmers Coop. Ass'n.*, 466 S.W.2d 419 (Tex.Civ.App.—El Paso 1971, no writ); 1 McDonald, Texas Civil Practice, Section 4.49.

■ The evidence adduced at the hearing on defendants' pleas of privilege is sufficient to sustain the order of the trial court which is herein attacked. Plaintiff met his burden by pleading and proving that his cause of action came within Subdivision 14 of Article 1995. Assuming, arguendo, that there was a defect in the affidavit attached to the controverting plea, we hold that the defendants in this case waived all complaints which they may have had as to such defects by failing to timely point them out to the trial court in the manner provided for by Rule 90, T.R.C.P. *Texas Osage Co-op Royalty Pool v. Kemper*, supra; *Great Southwest Life Insurance Company v. Camp*, 464 S.W.2d 702 (Tex.Civ.App.—Fort Worth 1971, no writ); *Wilson v. Inness*, 336 S.W.2d 437 (Tex.Civ.App.—Texarkana 1960, no writ); *Levinson v. Slater*, supra. We have carefully considered all of defendants' points and they are overruled.

The judgment of the trial court is AFFIRMED.