CROSS ROADS DRILLING SERVICE, INC., et al., Appellant,

v.

DRILLCHEM, INC., Appellee.

No. 13–82–133–CV.

Court of Appeals of Texas, Corpus Christi.

Sept. 23, 1982.

Richard L. Manske, Manske & Manske, El Campo, for appellant.

Samuel Walsh, The Woodlands, for appellee.

Before NYE, C.J., and UTTER and GONZALEZ, JJ.

## OPINION

UTTER, Justice.

This is an appeal from an order of the District Court of Wharton County granting the defendant's plea of privilege to be sued in Harris County, Texas. We affirm.

On or about September 9, 1980, Cross Roads Oil Field Supply, Inc., predecessor to Cross Roads Drilling Service, Inc. et al, appellant, and Drillchem, Inc., appellee, entered into a Consignment Agreement. The agreement provided, among other duties and obligations, that on the last day of each month both parties to this suit were to take an inventory of all consigned goods located in the warehouse in El Campo, Wharton County, Texas. If an overage existed, appellant would receive a credit for it or appellee would buy it; however, appellant alone would be invoiced for any underage. An inventory revealed an overage in the amount of $7,111.45 plus other indebtedness in the amount of $1,613.51, or a total

amount of $8,724.96. These amounts were billed by appellant to appellee but were never paid. Thereafter, appellant filed suit for payments due on account plus attorney's fees in the amount of $2,908.32. Appellee filed its plea of privilege to be sued in Harris County, Texas. Appellant filed a controverting affidavit alleging that venue was properly maintainable in Wharton County, under sections 5 a and 23 of Art. 1995 Tex.Civ.Stat.Ann. Section 5 a provides:

> ... if a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile.

Section 23 provides in part as follows:
> 23. Corporations and associations—Suits against a private corporation ... may be brought ... in the county in which the cause of action or part thereof arose ...

Under either of the sections, the controlling question is: Under the contract between the parties, has the appellee breached an obligation which was to be performed in Wharton County, Texas? We think not. It is true that under the contract of consignment there were numerous obligations to be performed in Wharton County, including the delivery, the storage, and the taking and maintenance of inventory of the material consigned. It is immaterial that some of the contractual obligations arose in the county where the suit was brought. The controlling issue is whether the contract requires the obligation sought to be enforced to be performed in a particular county. *Gant Cooley Cotton Company, Inc. v. Thoms,* 500 S.W.2d 537 (Tex.Civ.App. —Corpus Christi 1973, no writ); *Briarcliff, Inc. v. Texas Automatic Sprinklers, Inc.,* 472 S.W.2d 860 (Tex.Civ.App.—Dallas 1971, no writ).

The contract provided in Sec. XIII in part as follows:

In the event of any default in this agreement by Crossroads, Drillchem shall have the right to recover its attorneys' fees and court costs in the event of litigation over this agreement. All amounts due and obligations contained in this agreement are due and payable in Houston, Harris County, Texas, by and between Crossroad and Drillchem.

Appellant filed suit to collect amounts due and owed appellant under the contract of consignment. The obligation for payment for monies due under the contract was in Houston, Harris County, Texas. *Fidelity Union Life Insurance Company v. Evans,* 477 S.W.2d 535 (Tex.1972); *Payne-Ladewig, Inc. v. Brown,* 525 S.W.2d 203 (Tex.Civ.App.—Beaumont 1975, writ dism'd).

In its third and fourth grounds of error, appellant complains that the trial court erred in sustaining appellee's plea of privilege because appellee's prayer requested that the cause be transferred to the county court in Harris County which, according to appellant, lacks jurisdiction over the present amount in controversy. Appellant also claims that the plea should not be sustained because the order for transfer is unsupported by pleadings or evidence.

Appellee's plea of privilege fully complied with Rule 86, Tex.R.Civ.P. In addition, it contained the following prayer for general relief.

WHEREFORE, this Defendant requests that the Court sustain this Plea of Privilege and transfer said cause to the County Court of Harris County, Texas, taxing costs incurred herein against Plaintiff; and that Defendant have such other and further relief as to which it may be justly entitled.

In *Geary, Hamilton, Brice & Lewis v. Coastal Transport Company, Inc.,* 399 S.W.2d 878 (Tex.Civ.App.—Dallas 1966, no writ), the defendant's plea of privilege, although in compliance with Rule 86, Tex.R. Civ.P., contained no prayer whatsoever. The Dallas Court affirmed the trial court's judgment and transferred the case to the county of the defendant's residence, stating as follows:

The pleas of privilege here, by the language used in the very first sentence, put the court and the plaintiff on notice that the defendants were "claiming" the privilege of being sued in the county of their residence, stating it. The pleas also contained all of the other information required by Rule 86, Texas Rules of Civil Procedure. That rule makes no requirement of a prayer.

Similarly, in *Corpus Christi Hardware Company v. Farrar,* 417 S.W.2d 479 (Tex. Civ.App.—Houston 1967, no writ) the court overruled appellee's contention that the plea of privilege was insufficient for failure to state to which court the cause was to be transferred. Appellant's prayer requested only that the court sustain its plea of privilege. The Houston Court of Civil Appeals held that the plea of privilege was sufficient to authorize the trial court to transfer the case to the county of the defendant's residence.

Rule 89, Tex.R.Civ.P., states that if a plea of privilege is sustained, the cause shall be transferred to the *proper court* (italics ours). The trial court, having sustained the plea of privilege, had no alternative but to transfer the cause to the district court of Harris County, the proper court having jurisdiction of this matter. *Kinder and Keach v. Adams National Bank,* 184 S.W.2d 536 (Tex.Civ.App.—San Antonio 1944, writ dism'd).

In addition, the plaintiffs did not call this defect or fault, if it was a defect or fault, to the attention of the trial court until after the judgment had been signed by the trial court. Thus, the defect or fault was waived under the requirements set forth in Rule 90, Tex.R.Civ.P. *American Universal Investment Company, et al v. Hacker,* 611 S.W.2d 654 (Tex.Civ.App.—Corpus Christi 1980, no writ); *Keel v. Hoggard,* 590 S.W.2d 939 (Tex.Civ.App.—Waco 1979, no writ).

The judgment of the trial court is AFFIRMED.