### J. C. ROGAN ET AL. v. J. S. WILLIAMS & Co.

#### (Case No. 5026.)

1. PAROL EVIDENCE TO CONTRADICT A DEED.— Parol evidence is not admissible to show that a deed, which on its face is a deed of gift to husband and wife, was really for the consideration of natural love and affection to the wife.

2. TENANTS IN COMMON — SEPARATE PROPERTY.— Under such a deed, the husband and wife became tenants in common of the land conveyed, and each owned an undivided half interest as separate property.

3. SAME — ATTACHMENT — TRUSTS — PRINCIPAL AND SURETY.— The husband, owning such an interest, conveyed it in trust to secure a note executed by him and his grantor, the grantor being security and still owning an undivided interest in another portion of the original survey. After the levy of an attachment on the land thus conveyed to husband and wife, to secure a debt due from the husband alone, the trustee sold the land to the grantor, no consideration being paid; and this in pursuance of an agreement that the holder of the note on which the grantor was surety should receive from him a deed to land out of the survey in payment of his debt, about equal in quantity to the interest covered by the trust deed. The deed was made in pursuance of the agreement and the debt discharged. In a suit to subject the land conveyed by deed of gift to the husband and wife to attachment for the husband's debt, the validity of the trust deed being admitted, *held:*

   (1) The land of the husband was primarily bound for the payment of the debt secured by trust deed, and then the remaining interest of the wife, and then the grantor who was surety.

   (2) The trustee having conveyed to the grantor the land held in trust, and he as surety having discharged with it the trust debt, by conveying with it land of his own, the individual creditors of the husband could not complain, and the land was not subject to the satisfaction of their claims.

   (3) No right existed in the creditors to pay off the trust debt, and subject the property to their attachment.

APPEAL from San Saba. Tried below before the Hon. R. H. Ward, Special Judge.

Suit was brought by appellees, originally against B. M. Longley, May, 1881, to recover upon a debt due by note and by open account, amounting to the sum of $679.55. Pending suit plaintiffs sued out a writ of attachment and caused it to be levied upon the interest of said B. M. Longley in a certain tract of land, described as "one-third interest in and to three thousand four hundred and twenty-two acres of land in San Saba county on the north side of San Saba river, known as survey No. 9, in section No. 8, originally granted to Wm. O'Connell, assignee of Alfred Morris, beginning," etc., giving the field notes of the whole original survey of three thousand four hundred and twenty-two acres. By an amended petition filed September 13, 1882, the plaintiffs prayed that Mrs. Jennie B. Longley, wife of said B. M. Longley, and J. C. Rogan and his wife, Mary

A. Rogan, and D. W. Fentress and James Dofflemyre, be made
parties, and alleged that the land upon which the attachment had
been levied was community property of Longley and wife, Jennie
B. Longley, and that the land levied upon was worth at the date of
the levy of the attachment $5,000. Plaintiffs further set out that
on the 15th of July, 1879, B. M. Longley and wife being indebted
to James Dofflemyre in the sum of $1,500, for the purpose of secur-
ing said debt executed to D. W. Fentress a deed of trust, with
power of sale, upon said land, and that said trustee was restricted
to sell only for cash; that about the 3d of May, 1881, the trustee,
Fentress, and J. C. Rogan and wife, Mary A. Rogan, and James
Dofflemyre, combined and confederated together to wrong and de-
feat plaintiffs of their debt by offering said land for sale under the
deed of trust, and by causing it to be bid off to Mrs. Rogan at
$2,310; that no money was paid by Mrs. Rogan, and that the deed
was made by the trustee in pursuance of a prior understanding, and
all was done to defeat plaintiffs' debt, and with full notice of the
attachment; that in pursuance of said combination, Mrs. Rogan
afterwards, on the 10th of June, 1881, made a deed to Dofflemyre
without consideration, conveying to him a portion of the land.
They alleged that each of the defendants claimed to have an inter-
est in the land; and, also, that the deed of trust was still in full
force. That the debt sued for was a community debt of Longley
and wife. They alleged that they were willing to pay off the
Dofflemyre debt against Longley. They prayed for a judgment
against B. M. Longley for the amount of their debt, and that the
attachment lien be foreclosed against his interest in the land; that
the sale by Fentress to Mrs. Rogan be set aside; that the deed from
Mrs. Rogan to Dofflemyre be declared null and void; that plaintiff
be allowed to pay off the debt to Dofflemyre, and be substituted to
the rights of Dofflemyre under the trust deed, and that all the rights
that the said Fentress and James Dofflemyre and Rogan and wife
had in the land be divested, and be vested in plaintiffs and Mrs.
Jennie B. Longley subject to the Dofflemyre debt and the plaintiffs'
debt; or, if that cannot be done, then that the court decree that the
land be sold, and out of the proceeds first pay the Dofflemyre debt,
then plaintiffs' debt, and any remainder be paid over to B. M. Long-
ley or his wife.

The court appointed an attorney to defend for B. M. Longley,
who had been cited by publication, and who answered by demurrer
and exceptions, general denial and statute of limitations. The de-
fendants Rogan and wife, and Fentress, Dofflemyre and Mrs. Jennie

B. Longley, answered by special exceptions, general demurrer, general denial, and also further they denied that B. M. Longley ever had any interest in the land, and that no lien was created by virtue of the attachment; that the land was the separate property of Mrs. Jennie B. Longley, given her by her father and mother as an advancement, the consideration being love and affection, and in part to make partition and distribution of their estate among their children, and the conveyance was attached to the answer as an exhibit; that afterwards defendant B. M. Longley became indebted to defendant Dofflemyre for borrowed money in the sum of $1,500; that Mrs. Jennie B. Longley was in no wise bound for the debt; that, in order to secure the debt, defendant J. C. Rogan became security on the note, and Mrs. Longley, joined with her husband, executed to said Fentress as trustee a deed of trust upon the land to secure the note; that when the note fell due, Longley had left the country, and, the surety Rogan having failed to pay the note, the trustee advertised and sold the land under the power in the trust deed, and sold it, at which sale Mrs. Rogan became the purchaser at the sum of $2,310; that out of the proceeds of sale the indebtedness to Dofflemyre was paid off, and the balance of the amount of the bid was paid over to Mrs. Longley; that all was done in good faith, and not to postpone or defeat the claims of the plaintiff; that Mrs. Rogan paid off the Dofflemyre debt by transferring and conveying to him eight hundred acres of land out of the original A. Morris survey, she being in her own right the owner of the whole three thousand four hundred and twenty-two acres of that survey; that defendant Dofflemyre took possession of the eight hundred acres conveyed to him by metes and bounds by Mrs. Rogan, and had made valuable improvements upon it; that if plaintiffs ever acquired any lien on the land by the attachment, it was only on Longley's interest, which interest, if any, was at the time of the attachment incumbered with the lien of the deed of trust, and that interest was closed out and extinguished by the sale under the trust deed, and that plaintiffs had full notice of the lien of Dofflemyre at the time of the attachment and notice of the sale, but took no step to redeem the same by tendering to Dofflemyre the amount of his debt; they also alleged that Mrs. Longley was the head of the family and had two small children; that her husband had abandoned her and left the state, and that her homestead was upon the land given her by her said mother; that she had never abandoned her homestead,— and two hundred acres embracing her house and improvements was set out by metes and bounds, and prayer made that the same be

protected; and they also prayed that the proceeds of sale that might belong to B. M. Longley, if the court shall hold that he had any interest in the land, might first be applied to the payment of the Dofflemyre debt, and that all the interest that belonged to Mrs. Longley be decreed to be paid over to her, etc.

### CONCLUSIONS OF FACT FOUND BY THE COURT.

*First.* That J. C. Rogan and Mary A. Rogan his wife, on the 21st of August, 1876, conveyed, by deed of gift, to their daughter Jennie B. Longley and her husband B. M. Longley an equal and undivided one-third interest in the three thousand four hundred and twenty-two acres of the Alfred Morris survey, less two hundred and six acres formerly sold to D. Cunningham out of the southeast corner, or one thousand and seventy-two acres.

*Second.* That B. M. Longley and J. C. Rogan, on the 15th of July, 1879, executed their joint and several promissory note to James Dofflemyre or order in the sum of $1,500.12, with interest at the rate of twelve per cent. per annum.

*Third.* That, on the 21st day of July, A. D. 1879, B. M. Longley and Jennie B. Longley conveyed the same land conveyed to them by J. C. and M. A. Rogan, on the 21st of August, 1876, or one thousand and fifty-two acres, to D. W. Fentress in trust to secure the payment of the note executed by B. M. Longley and J. C. Rogan.

*Fourth.* That D. W. Fentress, trustee, on the 10th day of June, A. D. 1881, under said trust deed, sold said land therein mentioned, to wit, the one thousand and fifty-two acres of land, to Mary A. Rogan, wife of J. C. Rogan and mother of Jennie B. Longley, the deed reciting the consideration to be $2,310.

*Fifth.* That, on the 2d day of May, A. D. 1881, the defendant B. W. Longley being indebted to the plaintiffs in the sum of $632.88, the plaintiffs on said day caused an attachment to be issued and levied on the land conveyed by J. C. Rogan and his wife to B. M. Longley and wife, as well as upon the two hundred and six acres conveyed to Cunningham and the twenty acres excepted by Longley and wife in their deed to D. W. Fentress.

*Sixth.* That neither J. C. nor Mary A. Rogan ever paid any consideration for the deed of D. W. Fentress, trustee, to Mrs. Mary A. Rogan.

*Seventh.* That, at the date of the sale under the trust deed, J. C. Rogan had notice of the levy of the attachment.

*Eighth.* That, at the sale under the trust deed, W. M. Allison

bid for plaintiffs the sum of $2,300, and that at said sale the property was sold to Mrs. J. C. Rogan for the sum of $2,310.

*Ninth.* That there was an agreement made before the sale between James Dofflemyre and James C. Rogan that he, Dofflemyre, would release J. C. Rogan from his indebtedness on the note if he would convey to him eight hundred acres of the A. Morris survey.

*Tenth.* That on the 10th day of June, A. D. 1881, J. C. Rogan and M. A. Rogan, in pursuance of Rogan's agreement with Dofflemyre, conveyed by metes and bounds eight hundred acres of the Alfred Morris survey to James Dofflemyre, it being the northern part of said Morris survey.

*Eleventh.* That the land claimed by Jennie B. Longley is her homestead.

*Twelfth.* That immediately after his purchase Dofflemyre took possession of eight hundred acres sold him by metes and bounds, and put $600 worth of improvements on the same. That his agreement with Rogan was before the levy of the attachment.

*Thirteenth.* That the defendant Longley is now indebted to plaintiffs in the sum of $617.55.

### CONCLUSIONS OF LAW.

*First.* Dofflemyre having acted in good faith without notice, and having paid a valuable consideration for the eight hundred acres of land conveyed to him, and having taken possession of the same, and having put valuable improvements thereon, is entitled in equity to be protected.

*Second.* That Mrs. Jennie B. Longley having been abandoned by her husband and being the head of a family, and having no other homestead either at the time of the trust deed or sale under it, or at the present time, and having occupied the same as her homestead continuously to the present time (that is, the land set out in her answer and claimed by her as her homestead), is entitled to claim the same as her homestead, and that her right to the same is not affected by either the deed of trust or the attachment of plaintiffs.

*Third.* That Jennie B. Longley and B. M. Longley were tenants in common in the land conveyed to them by Rogan and wife, each owning an undivided one-half interest therein as their separate property; that Mrs. Longley had a right to incumber her interest in said land for the payment of the joint debt of her husband and her father, but the fact that she and her husband did incumber said property for the payment of said debt will not release Rogan from the payment of his part of said debt. That when Rogan's wife

bought said property at sale under trust deed, paying no consideration therefor, in pursuance of an agreement with Dofflemyre to take eight hundred acres in payment of the Longley and Rogan debt, Rogan should have applied four hundred acres of his interest in the land and four hundred acres of Mr. and Mrs. Longley's interest in the land, making eight hundred acres, and Mrs. Rogan held the balance of six hundred and fifty-two acres of the land in trust for Mr. and Mrs. Longley. Mrs. Longley being entitled to two hundred acres thereof as her homestead, leaves four hundred and fifty-two acres, one-half of which, or two hundred and twenty-six acres, being her separate property, was not subject to plaintiffs' attachment, but the remaining two hundred and twenty-six acres of land, property of defendant, being an undivided interest in the land, and is liable to plaintiffs' attachment, and it is so held. Therefore judgment is given in favor of plaintiffs for the sum of $679.55 against the defendant B. M. Longley, and for the foreclosure of plaintiffs' attachment lien on an undivided interest of two hundred and twenty-six acres of the land levied on, being the interest of the defendant B. M. Longley in the same, but said foreclosure of said lien is not to affect the eight hundred acres of Dofflemyre or the two hundred acres the homestead of the defendant Jennie B. Longley.

Judgment was rendered accordingly. The bills of exception were quite lengthy. So, also, the assignments of error; both are manifest from the opinion. The second bill of exceptions was to the ruling of the court excluding testimony to show that the deed from J. C. and M. A. Rogan to Longley and wife was not a deed of gift to both as expressed on its face, but for natural love and affection to the wife of Longley.

*Harwood & Harwood* and *Leigh Burleson*, for appellants, cited: Parker v. Coop, 60 Tex., 111; Wallace v. Finberg, 46 Tex., 35; Hollis v. Francois, 5 Tex., 195.

*Walton & Hill*, for appellees, cited: Wallace v. Campbell, 54 Tex., 87; Freeman on Cot. & Par., § 213; Drake on Attachments, 237.

DELANY, J. COM. APP.— It is wholly unnecessary for us to discuss the numerous assignments of error, as the questions to be determined are very few.

The court did not err in rejecting the testimony of J. C. Rogan, which was offered either to contradict or explain the deed from Rogan and wife to Longley and wife. Parol evidence was not ad-

missible to contradict the deed. 1 Greenl. Ev., sec. 375. And there was no such ambiguity upon its face as would admit parol evidence to explain it. Id., secs. 289, 297.

The court was also correct, as we think, in holding that under the deed from Rogan and wife to Longley and wife, the latter became tenants in common; and that the respective interests which they took became their separate property. Bradley v. Love, 60 Tex., 473. Thus far we agree with the court below, but no further. In the further disposition of the case, the court, in our opinion, erred, as we will proceed to show.

The plaintiffs were the creditors of B. M. Longley alone. They had no claim upon Mrs. Longley or the other defendants, and they made the latter parties defendants only for the purpose of having the sale by the trustee Fentress to Mrs. Rogan set aside, in order that they might assert their claims against the property as the property of B. M. Longley.

They did not seek to set aside the trust deed given by Longley and wife to Fentress for the benefit of Dofflemyre. They admitted the validity of that deed, and claimed in subordination to it. They offered to pay the Dofflemyre claim and have it transferred to them, so that they could enforce it first and their attachment lien afterwards.

Suppose they had done that. They must then have enforced the Dofflemyre claim just as Dofflemyre himself would have done. What was the nature of that claim? B. M. Longley and J. C. Rogan gave their joint note to Dofflemyre for $1,500 — Rogan being surety. Now, if Dofflemyre had brought suit on the note, and these facts had been set up and proven (as they were on the trial below), the plaintiff could not have touched the property of Rogan until he had exhausted that of Longley. But he had the further security of the deed of trust given by Longley and wife — B. M. Longley and his land being primarily bound; then Rogan and the land of Mrs. Longley.

It is clear that if B. M. Longley had not property enough to pay the debt, Dofflemyre could proceed against Rogan and the land of Mrs. Longley; — against Rogan, because he was surety on the note; and against Mrs. Longley's land, because she had made it liable by executing the deed of trust. Now Dofflemyre was paid by having eight hundred acres conveyed to him out of the tract of which the land in controversy forms a part. The conveyance was made by Rogan and wife.

It is not pretended that the eight hundred acres which Doffle-

myre received was more than he ought to have received in payment of his claim. There is no complaint on that score. But the court concludes that, of this eight hundred acres, four hundred acres should be held to have been paid out of the land of Rogan, and the remaining four hundred out of the lands of Longley and his wife. Why so? Why should the lands of the sureties be invaded before the land of the principal is exhausted? We do not regard this conclusion of the court as correct. Our opinion is that if B. M. Longley's interest in the land which was subject to sale was as much as eight hundred acres, then the Dofflemyre claim should be held to have been paid with Longley's land. If he had not that much land, then it should be held that all the land he had subject to sale had passed to Dofflemyre. Let us see, then, what amount of land B. M. Longley had.

The court finds that J. C. Rogan and wife conveyed to B. M. Longley and wife one thousand and seventy-two acres. Upon this was their homestead of two hundred acres, which was exempt from the liens, both of the deed of trust and of the attachment. That would leave eight hundred and seventy-two acres. This land — less twenty acres — or eight hundred and fifty-two acres, B. M. Longley and appellant Mrs. Longley conveyed by the deed of trust to Fentress to secure the Dofflemyre claim. Of this tract B. M. Longley owned one-half, or four hundred and twenty-six acres,— the other half being the separate property of his wife. Thus all the interest which B. M. Longley had in the land, and three hundred and seventy-four acres besides, went to pay the Dofflemyre claim. Whether this last amount belonged to Rogan or Mrs. Longley, or both, it is not worth while to inquire. The plaintiffs have no interest in that question, as they have no claim upon either of those parties.

As the cause was tried without a jury, our opinion is that the judgment should be reversed, and that such judgment should be rendered here as should have been rendered by the court below — that is, judgment against B. M. Longley for the debt, and in favor of appellants so far as the land is concerned.

REVERSED AND RENDERED.

[Opinion adopted February 3, 1885.]