SPACE CITY OIL COMPANY et al.,
Appellants,

v.

Edwin Duane McGILVRAY, Appellee.

No. 7657.

Court of Civil Appeals of Texas,
Beaumont.

Jan. 23, 1975.

Rehearing Denied Feb. 13, 1975.

**258**

William R. Powell, Houston, for appellant.

Scott Thrash, Alvin, for appellee.

DIES, Chief Justice.

In September of 1972, plaintiff—appellee—drove his truck into a gas station operated by Louis Matlock in Montgomery County, Texas. The station was owned by the Space City Oil Company, domiciled in Harris County. Matlock undertook changing a tire on plaintiff's truck, and, while doing so, the rim blew off, injuring plaintiff. Plaintiff brought suit against Matlock and Space City Oil Company in Montgomery County. Both defendants filed pleas of privilege to be sued in Harris County, Texas. To Matlock's plea, plaintiff filed a motion to enlarge the time for filing a controverting affidavit urged exceptions 4, 9a, and 23 of Vernon's Tex. Rev.Civ.Stat.Ann. article 1995.

It is admitted by Oil Company for the purposes of this appeal that plaintiff plead and established that his injury was caused by a negligent act of Matlock in Montgomery County, Texas, but it contends there is no evidence Matlock was an agent, servant, or employee of Oil Company.

Hearing was held on Oil Company's plea only, and the trial court overruled the plea of privilege from which it brings this appeal.

■ In this review, we do not substitute our judgment for the trial court; if there is some evidence of a substantial and probative character to support the trial court's finding, the same is controlling upon this court. Commercial Union Assurance Company v. Foster, 379 S.W.2d 320 (Tex.

1964); Benoit v. Wilson, 150 Tex. 273, 239 S.W.2d 792 (1951).

Oil Company and Matlock concluded a written contract as follows:

"This memorandum is made to acknowledge that you are a *dealer* of Space City Oil Company, Inc., . . . and continues in effect, so long as said operations are maintained, or until cancelled by either party upon 24 hour written notice.

"It is agreed and understood that you are not an employee of Space City Oil Company, Inc., but are an independent contractor, conducting your business on leased premises. Space City Oil Company, Inc. will specify certain standards of operation, pertaining ot cleanliness, courtesy, service, and hours of operation, but you will manage in full detail the management of the service station on the above premises, including, but not limited to, hiring and firing of employees, directing the work of your employees, handling of your own establishment, and establishing your and your employee's work habits and schedules." (Emphasis added)

Oil Company contends that Matlock was an independent contractor as set out in their agreement, and in the absence of a showing that this contract was a sham or subterfuge, it is controlling on the parties, citing Newspapers, Inc. v. Love, 380 S.W. 2d 582 (Tex.1964); Texas Company v. Wheat, 140 Tex. 468, 168 S.W.2d 632 (Tex.1943); Swift v. Aetna Casualty and Surety Company, 449 S.W.2d 818 (Tex. Civ.App.—Houston [14th Dist.] 1970, writ ref'd n. r. e.).

We do not believe the Love Case (which cites Texas Company v. Wheat, supra) so holds. The Love holding is best summarized by quoting from the decision itself.

"When, however, the parties, as in this case, have entered into a definite contract that expressly provides for an independent contract relationship and does

not vest in the principal or the employer the right to control the details of the work, evidence outside the contract must be produced to show that despite the terms of the primary contract the true operating agreement was one which vested the right of control in the alleged master. Under such circumstances, the exercise of control is evidentiary only. The true test remains the right of control. Texas Company v. Wheat (1943), 140 Tex. 468, 168 S.W.2d 632; 38 Tex. Jur.2d 490, Master and Servant § 240. The exercise of control in cases such as this is not an ultimate test of the master and servant relationship. To hold that it was, would be to practically destroy contract rights and relationships based thereon. The assumption of an exercise of control must be so persistent and the acquiescence therein so pronounced as to raise an inference that at the time of the act or omission giving rise to liability, the parties by implied consent and acquiescence had agreed that the principal might have the right to control the details of the work." (380 S.W.2d 592)

It is true, that in the Swift Case, supra, cited by appellant, the court said:

"However, if the parties have made a purported contract which is specific on the subject of the right of control by one of the other, that purported contract is not conclusive on the question of the right of control if there is evidence from which it can be found that it was a subterfuge by the contracting parties or that it has been abandoned by them." (449 S.W.2d 820)

The Supreme Court has said in Love, supra, that the written contract is important, but the test remains right of control which may be shown by actual control exercised in derogation of a written contract.

■ The following facts, we believe, constitute some evidence from which the court could conclude the existence of an agency relationship and right of control:

a. The written contract referred to Matlock as a "dealer."

b. It (the contract) could be cancelled by either party upon a twenty-four hour written notice.

c. Oil Company in the contract had the right to specify certain standards of operation pertaining to cleanliness, courtesy, service, and hours of operation.

d. The station, equipment, and land were owned by Oil Company.

e. The price of gas was governed by Oil Company and could not be altered by Matlock. Price changes on the pumps were performed by Oil Company.

f. Acceptable credit cards were determined by Oil Company.

g. All gasolene had to be purchased from Oil Company.

h. Electric, water, and gas bills were paid by Oil Company.

i. Hours of operation were determined by Oil Company.

j. There was a car-wash adjoining the station. It was coin-operated, collected by Oil Company, and Matlock was paid a monthly salary to keep it clean.

In Humble Oil & Refining Co. v. Martin, 148 Tex. 175, 222 S.W.2d 995, 998 (1949) we find:

"The question [of employee status] is ordinarily one of fact, and where there are items of evidence indicating a master-servant relationship, contrary items such as those above mentioned cannot be given conclusive effect."

Oil Company's first point (the trial court erred in overruling appellant's plea of privilege) is overruled.

Its second point, complains of the admission of Matlock's written statement, ob-

tained by plaintiff's attorney. Its contention is that the statement would not be admissible unless an agency relationship between Matlock and Oil Company was proved by other facts. None of the facts recited in this opinion, which we regard as some evidence for the trial court's finding, came exclusively from the challenged statement. Appellant's second point is overruled.

The order of the trial court overruling Space City Oil Company's plea of privilege is affirmed.

Affirmed.