**PEDEN INDUSTRIES, Appellant,**

v.

**DAHLSTROM CORPORATION, Appellee.**

**No. 7680.**

Court of Civil Appeals of Texas,
Beaumont.

March 20, 1975.

Schlanger, Cook, Cohn & Mills, Houston, for appellant.

Watson, Davis, Strother, Methvin & Blackburn, Dallas, for appellee.

STEPHENSON, Justice.

This is an appeal from an order overruling defendant's plea of privilege. The parties will be referred to here as they were in the trial court.

Plaintiff, Dahlstrom Corporation, a Texas corporation, brought this suit in Dallas County against defendant, Peden Industries, Inc., also a Texas corporation. The petition alleged a cause of action for damages for breach of contract as well as for specific performance. Defendant filed its plea of privilege to be sued in Harris County, the county of its domicile. Plaintiff relied solely upon subdivision 23 of article 1995 Vernon's Tex.Rev.Civ.Stat.Ann. (1964), to maintain venue in Dallas County.

Plaintiff offered in evidence a written proposal dated April 8, 1972, from defendant to furnish certain material for a Jasper County highway project, upon which plaintiff was bidding. Such proposal was either given by defendant to plaintiff at the highway letting or mailed to plaintiff. James D. Covington testified: He worked for plaintiff in estimating and purchasing. He received the proposal from defendant, signed it and sent it back to defendant, accepting the proposal on the 10th of May, 1972. He signed the proposal in plaintiff's office in Dallas. He mailed it back to defendant. October 25, 1973, plaintiff wrote defendant and requested delivery of the paving steel covered by the proposal, and then May 13, 1974, wrote another letter asking for shipment of the remaining items covered by the proposal. Defendant declined to make any deliveries.

The Supreme Court of Texas has settled most of the questions arising on this appeal. In Stone Fort National Bank of Nacogdoches v. Forbess, 126 Tex. 568, 91 S. W.2d 674, 676 (1936), we find this statement:

"The provision of exception 23 of article 1995, supra, which permits 'a private corporation, association or joint stock company' to be sued 'in any county in which the cause of action, or a part thereof, arose,' means that either some part of the transaction creating the primary right, or some part of the transaction relating to the breach of that right, must have occurred in the county where the suit is brought."

Then, in Employers Casualty Company v. Clark, 491 S.W.2d 661 (Tex.1973), it was made clear that under subdivision 23 a plaintiff must still prove a cause of action by at least proving a right and a breach by defendant.

■ In the case before us, plaintiff offered evidence to show it had a right by proving a contract and a breach by proving defendant failed to ship the material. However, plaintiff also had to prove either that the contract was made in Dallas County, or that the contract was breached in Dallas County, in order to maintain venue there. Delhi Gas Pipeline Corporation v. Allgood, 492 S.W.2d 651 (Tex.Civ.App. —Tyler 1973, no writ). Plaintiff makes no contention that the breach occurred in Dallas County, as defendant was not obligated to perform any part of this contract in Dallas County. Consequently, plaintiff had to prove that the contract was executed in Dallas County. Corporation R, Inc. v. Gary Greene Co., 476 S.W.2d 921 (Tex. Civ.App.—Houston [14th Dist.] 1972, no writ). Brass Brakes, Inc., v. Brake-O International, Inc., 473 S.W.2d 679 (Tex. Civ.App.—Waco 1971, no writ).

■ The law is well established that a contract is made at the place where the acceptance of an offer is given. Payne & Keller, Inc. v. Southwest Tank & Treater Co., 491 S.W.2d 464 (Tex.Civ.App.—Tyler 1973, no writ). (See cases cited at 467) The question before us is whether the record supports the implied finding by the trial court that plaintiff established by a preponderance of the evidence that this contract was accepted by plaintiff in Dallas County.

■ The uncontroverted evidence shows the plaintiff signed this contract in Dallas County. However, we are convinced that more was required than the mere signing of the contract in order to complete the making of a contract. The law of this state also requires communication by plaintiff to defendant that the contract has been signed.

"To form a binding contract, it must appear that the party to whom the offer is made accepts such offer and communicates such acceptance to the person making the offer . . .." American Nat. Ins. Co. v. Warnock, 131 Tex. 457, 114 S.W.2d 1161, 1164 (1938).

See also, Lone Star Gas Co. v. Coastal States Gas Producing Co., 388 S.W.2d 251 (Tex.Civ.App.—Corpus Christi 1965, no writ); Garcia v. Villarreal, 478 S.W.2d 830 (Tex.Civ.App.—Corpus Christi 1971, no writ); and Mann v. Risinger, 423 S.W.2d 626 (Tex.Civ.App.—Beaumont, 1968, writ ref'd, n. r. e.).

We have found nothing in the Vernon's Tex.Bus. & Comm.Code Ann. to alter or affect the law in this state pertaining to this particular question. Plaintiff failed to prove the making of this contract in Dallas County.

Reversed and remanded with instruction to the trial court to transfer this case to Harris County.

Reversed and remanded.