**PAYNE–LADEWIG, INC., Appellant,**

v.

**Paul BROWN, d/b/a Paul's Electric Co., Appellee.**

No. 7704.

Court of Civil Appeals of Texas, Beaumont.

May 29, 1975.

Rehearing Denied July 10, 1975.

Clarence O. Bently, Dallas, for appellant.

James A. Builta, Lampasas, for appellee.

STEPHENSON, Justice.

This is an appeal from an order overruling defendant's plea of privilege. Plaintiff relied upon subdivisions 5 and 23 of Vernon's Tex.Rev.Civ.Stat.Ann. art. 1995 (1964) to maintain venue in Bell County. No findings of fact or conclusions of law were filed. The parties will be referred to here as they were in the trial court.

Paul Brown brought this suit against Payne-Ladewig, Inc., a Texas corporation, for damages for breach of contract. The uncontroverted evidence shows: Plaintiff is in the air conditioning and electric contracting business. He lives in Lampasas, and his business is in the same city. He made a bid on that type of work on a housing project at Fort Hood, Texas, in June 1973 and was subsequently awarded that contract. He had secured a bid from defendant on the air conditioning and heating equipment. Plaintiff received the price from defendant by telephone the morning of the bidding. The written bid from defendant, offered in evidence, was received in the mail about two days after the bid opening, and was dated June 14, 1973. In the telephone conversation, plaintiff was told the price was "F.O.B. Job Site, Fort Hood, Texas." The material information was also received by plaintiff in the mail. The equipment as quoted by defendant was not acceptable to the Corps of Engineers, and plaintiff had to buy equipment from other companies in order to do the job. The equipment he bought cost him more than defendant's bid price. The building to be constructed was in Bell County. On cross examination plaintiff testified he had a firm order "if it met the conditions," but he did not ever ask defendant to ship the equipment.

Subdivision 5 reads as follows:

"Contract in writing.—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

The pertinent part of subdivision 23 reads as follows:

"Suits against a private corporation . . . may be brought . . . in the county in which the cause of action or part thereof arose . . . ."

That latter provision has been interpreted by the Supreme Court of Texas to mean "that either some part of the transaction

creating the primary right, or some part of the transction relating to the breach of that right, must have occurred in the county where the suit is brought" (91 S.W.2d 676). *Stone Fort Nat. Bank of Nacogdoches v. Forbess,* 126 Tex. 568, 91 S.W.2d 674 (1936). Also, in *Employers Casualty Company v. Clark* 491 S.W.2d 661 (Tex.1973), it is clear that under subdivision 23, a plaintiff must prove a cause of action by at least proving a right and a breach by defendant.

 Plaintiff had to prove either that the contract was made in Bell County, or that the contract was breached in Bell County, in order to maintain venue there. *Delhi Gas Pipeline Corporation v. Allgood,* 492 S.W.2d 651 (Tex.Civ.App.—Tyler 1973, no writ).

The law is well established that a contract is made at the place where the acceptance of the offer is given. *Payne & Keller, Inc. v. Southwest Tank & Treater Co.,* 491 S.W.2d 464 (Tex.Civ.App.—Tyler 1973, no writ). According to the record before us, there is no evidence that either an offer or an acceptance was made in Bell County. Even though plaintiff testified at length to a telephone conversation with defendant, there is no hint that plaintiff was in Bell County at the time. The written evidence shows defendant directed all matters to Lampasas, Texas, which is not in Bell County.

Subdivision 5 is not available to plaintiff in order to maintain venue in Bell County, under the facts of this case. In attempting to rely upon the quotation dated June 14, 1973, as a written contract performable in Bell County, plaintiff overlooks the fact that no order was ever placed by plaintiff for delivery of the equipment covered in that quotation. Plaintiff's suit is not one for breach of contract because of failure to deliver that material to a site located in Bell County. For subdivision 5 to be applicable, the action relied upon must be upon the written obligation. *LeFors v.*

*Finkner,* 448 S.W.2d 574 (Tex.Civ.App.—Tyler 1969, no writ); *Fidelity Union Life Insurance Company v. Evans,* 477 S.W.2d 535 (Tex.1972); *Owens v. Sherrard Motor Company, Inc.,* 496 S.W.2d 113 (Tex.Civ.App.—Tyler 1973, no writ); *Reed v. Eakins,* 509 S.W.2d 947 (Tex.Civ.App.—Amarillo 1973, no writ).

Reversed and remanded with instruction to the trial court to transfer this case to Dallas County.

Reversed and remanded.