Travis Gordon WHITE, Appellant,

v.

Sybil Marie WHITE, Appellee.

No. 17496.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Oct. 18, 1979.

Lykos & Bergner; Wayne H. Paris, Houston, for appellant.

Thurlow & Hennessy; Thomas N. Thurlow, Houston, for appellee.

DOYLE, Justice.

Travis Gordon White, appeals from that portion of a divorce judgment which divested him of all title in a certain tract of realty acquired by gift during his marriage to Sybil Marie White. Appellant contends that the deed of gift was made to him and appellee, jointly, thereby vesting in each an undivided one-half interest as their separate property, which as a matter of law could not be awarded to appellee under the court's discretionary power as set out in Sec. 3.63 of the Texas Family Code.

We reverse and remand in part and affirm in part.

Appellant and appellee were married in 1963 and appellee filed this divorce action in 1977. Three children were born of this marriage.

In 1968, Alice Wilma Hallson, appellee's aunt, conveyed certain real property de-

scribed as Lot 20, Block 14, Briarmeadow Section 1, Harris County, Texas (7806 Richmond Avenue) to both parties as grantees.

Appellee testified that her aunt owned this property and house; that she had a very close relationship with her aunt; and that this same aunt had given homes to her mother and an unmarried sister. She further attempted to state that she and her aunt had a conversation prior to the execution of the deed to this property, but the court sustained objections to such conversation as hearsay.

Appellant introduced into evidence, without objection, a copy of the deed to this property reciting:

That ALICE WILMA HALLSON, joined herein pro forma by her husband, D. C. McKenzie Hallson, of the County of Harris, State of Texas, hereinafter called "Grantors" for and in consideration of the sum of TEN AND NO/100 DOLLARS ($10.00) cash and other good and valuable considerations to us in hand paid by SIBYL MARIE QUEEN WHITE and husband, TRAVIS GORDON WHITE, hereinafter called "Grantees", the receipt and sufficiency of which are here by acknowledged and confessed, and the further consideration of the love and affection that I have for SIBYL MARIE QUEEN WHITE and her husband, TRAVIS GORDON WHITE, have GIVEN, GRANTED, SOLD and CONVEYED and by these presents do GIVE, GRANT, SELL and CONVEY unto the said SIBYL MARIE QUEEN WHITE and husband TRAVIS GORDON WHITE, of Harris County, Texas, . . .

After the introduction of above deed, the court refused to hear any further testimony from either party stating that there was no objection to its admission and that the deed spoke for itself. The court did allow appellee to make a bill of exception on the excluded testimony which formed the basis of appellee's crosspoint of error which we will address later. In its final divorce decree the court awarded the subject property to appellee. Appellant filed a Motion for Judgment (Notwithstanding Court's Rul-

ing) which the court overruled. No findings of fact or conclusions of law were requested or filed.

■ Appellant's one point of error alleges that the district court erred as a matter of law and abused its discretion under Section 3.63 of the Family Code by divesting appellant of his undivided one-half interest in his separate real estate located at 7806 Richmond Avenue, Houston, Harris County, Texas, and awarding same to appellee. During the hearing in this cause, both parties stipulated this conveyance was a gift. The deed itself does not recite it was a gift to the community nor is there any testimony to this effect. Pursuant to Tex.Fam. Code Ann. § 5.01 (Vernon 1975), property acquired by a spouse during marriage by gift, devise, or descent is a spouse's separate property. Where both appellant and appellee are named as grantees in the deed, the gift of real property vested in each an undivided one-half interest as his or her separate property. *Rogan v. Williams*, 63 Tex. 123 (1885); *Belkin v. Ray*, 142 Tex. 71, 176 S.W.2d 162 (1943); *Tittle v. Tittle*, 148 Tex. 102, 220 S.W.2d 637 (Tex.1949).

■ It is well established that divorce courts in this state may exercise wide discretion in making a division of the parties' property, and such discretion should not be disturbed on appeal unless a clear abuse of discretion is shown. *Hedtke v. Hedtke*, 112 Tex. 404, 248 S.W. 21 (1923); *Bell v. Bell*, 513 S.W.2d 20 (Tex.1974); *Cooper v. Cooper*, 513 S.W.2d 229 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ); *Huff v. Huff*, 554 S.W.2d 841 (Tex.Civ.App.—Waco 1977, writ dism'd). In the *Cooper* case, supra, this court stated that when the trial judge has made a finding that the estate of the parties has been divided in a manner that is fair, just and equitable, the fact that he may have concluded that certain property was of a particular character will not result in reversible error. See also *Dillingham v. Dillingham*, 434 S.W.2d 459 (Tex.Civ.App.—Ft. Worth 1968, writ dism'd). We think these cases correctly state the law with respect to community property. However, the Supreme Court of Texas in 1977 set out

the law regarding separate real property. In *Eggemeyer v. Eggemeyer,* 554 S.W.2d 137 (Tex.1977), the court stated that a trial judge's discretion does not extend to taking of fee to separate property of one and donating it to the other. The court further held that the "estate of the parties" within the meaning of Sec. 3.63 of the Family Code, means community property and that the statute did not authorize a divesting of the separate real estate of the husband and a transferring of it to the wife by the trial court. We hold the trial court abused its discretion in awarding appellant's separate real property to the appellee. Appellant's point of error is sustained.

Appellee urges that when the trial judge has made a finding that the estate of the parties has been divided equitably, he may have concluded that certain property was of a particular character, i. e., either community property of Mrs. White and appellant, or Mrs. White's separate property. This conclusion would have to be made by the trial court to escape the rule announced in the *Eggemeyer* case. It is undisputed and stipulated that the deed was a gift to appellant and appellee. The instrument shows nothing more or less. As such, the land was the separate property of each spouse as a matter of law. Tex.Fam.Code Ann. § 5.01 (Vernon 1975); *Hilley v. Hilley,* 161 Tex. 569, 342 S.W.2d 565, 567–568 (1961). Appellee quotes appellant as saying during the trial that "I've never contended this was separate property." A reading of the testimony before and after this quote clearly shows that appellant was testifying about some ranch land in Gonzales County, Texas, and not the subject property at 7806 Richmond Avenue, Houston. The only other testimony from which any inference giving rise to a characterization could have come was from that adduced from appellee on the bill of exception which the court treated as follows:

Mr. Thurlow: Your Honor, we would like to present as a rebuttal witness, Mrs. White.

The Court: In regard to the furniture items?

Mr. Thurlow: That and in regard to the deed, Your Honor.

The Court: I'm not going to listen to any more testimony about this deed, counsel, from anybody.

Mr. Thurlow: May I make a bill on it, Your Honor?

The Court: There was no objection to the admission of it, counsel, and the deed speaks for itself. I'm not going to allow either party to offer any hearsay impeachment on this deed. It's obvious on its face what it intended.

We find no evidence in the deed nor the misinterpreted statement of the appellant concerning the ranch land that would support a conclusion that the subject property was either appellee's separate property or the community of the parties.

Appellee in a crosspoint of error argues that parol evidence should be admitted even in the absence of allegations of fraud, accident or mistake to show a collateral agreement which is part of the consideration of the written agreement, or operated as an inducement for entering into it, citing *Callaway v. Albin,* 114 Tex. 5, 261 S.W. 372 (1924); *Southwestern Public Service v. Smith,* 48 S.W.2d 456 (Tex.Civ.App.—Amarillo 1932, writ dism'd). Appellee relies rather strongly on one other case, *Von Hutchins v. Pope,* 351 S.W.2d 642 (Tex.Civ.App.—Houston [1st Dist.] 1961, writ ref'd n. r. e.). In reading these cases, every decision to allow or disallow parol evidence was based upon the specific facts of that case, none of which is in point with the case before us. The trial court heard the parol evidence offered in appellee's bill of exceptions and rejected it as hearsay. Hearsay evidence is wholly incompetent and without probative force, and can never form the basis for establishing a cause of action, finding of fact, or judgment of court, whether objected to or not. *Covault v. Texas Instruments, Inc.,* 531 S.W.2d 441 (Tex.Civ.App.—Tyler 1975, no writ). Appellee's crosspoint is overruled.

Courts of civil appeals may not render a property division, but must remand the case to the trial court. *McKnight v. McKnight,*

543 S.W.2d 863 (Tex.1976). Pursuant to Tex.Fam.Code Ann. § 3.63 (Vernon 1975), the trial court may make a just and right division of the parties' property. In view of the fact that appellee in this case was awarded custody of the couple's three children, the trial court may reform its decree in accordance with the *Eggemeyer* decision. Appellant's interest in the home may be imposed with a trust to enforce his duty to support and maintain his children, but he may not be divested of the fee to his separate property. We hold that by virtue of the deed of gift to the parties, a one-half interest vested in appellant as his separate property.

That part of the judgment dividing the community property is reversed, severed and remanded for further proceedings. We affirm the judgment in all other respects.

COLEMAN, C. J., and WALLACE, J., also sitting.