**DURANT CHEVROLET COMPANY,**
Appellant,

v.

**INDUSTRIAL TOWEL & UNIFORM CO., Johnson Linen & Texas Garment Division, Appellees.**

No. 18481.

Court of Appeals of Texas,
Fort Worth.

Sept. 24, 1981.
Rehearing Denied Dec. 10, 1981.

Walton & Walton, Maurice G. Walton, Granbury, for appellant.

McDonald, Sanders, Ginsburg, Phillips, Maddox & Newkirk, Greg S. Hargrove, Fort Worth, for appellees.

Before MASSEY, C. J., and HOLMAN and SPURLOCK, JJ.

## OPINION

HOLMAN, Justice.

This appeal is from an order overruling defendant's plea of privilege. Plaintiff, Industrial Towel & Uniform Co., Johnson Linen, Texas Garment Division, seeks to sustain venue in Tarrant County by virtue of Tex.Rev.Civ.Stat.Ann. art. 1995, subds. 5 (supp. 1980–81) and 23 (1964).

We reverse and order the case transferred.

Industrial brought suit against Durant in the district court of Tarrant County for damages claimed by reason of an alleged breach of a written contract for the rental of uniforms. The contract provides that in the event Durant should materially breach the agreement, it must pay Industrial, as liquidated damages, a sum equal to 75% of the average weekly charges invoiced to Durant between the inception of the contract and the date of its termination.

Industrial's original petition alleges: (1) damages for Durant's failure to return certain uniforms and for returning others in a damaged condition after cancelling the contract; (2) liquidated damages; (3) in the alternative, actual damages sustained as a result of Durant's breach of contract; and (4) reasonable attorneys fees and legal expenses as provided in the contract.

Durant filed a plea of privilege, alleging its residence in Hood County, Texas and sought to have the cause transferred to that county.

Industrial filed its controverting plea, seeking to hold venue in Tarrant County, under Tex.Rev.Civ.Stat.Ann. art. 1995, subds. 5 (supp. 1980–81) and 23 (1964). The trial court overruled the plea of privilege, and Durant's appeal seeks reversal in four points of error which assert there is (1) no evidence and (2) insufficient evidence to establish an exception to exclusive venue in Hood County, under either subd. 5 or 23.

The first question presented is whether appellee met its burden of establishing by a preponderance of the evidence that subd. 5 places venue in Tarrant County.

Appellee must have proven the following venue facts under subd. 5:

(1) the defendant is a party reached by the statute; (2) the claim is based upon a written contract; (3) the contract was entered into by the defendant or one authorized to bind him; and (4) the contract by its terms provides for performance of the obligation sued upon in Tarrant County.

See *Levy v. Lamar Savings Leasing Corp.*, 584 S.W.2d 581 (Tex.Civ.App.—Beaumont 1979, no writ); *Brazos Valley Harvestore Systems, Inc. v. Beavers*, 535 S.W.2d 797, 800 (Tex.Civ.App.—Tyler 1976, writ dism'd.).

Appellant concedes that the appellee has established the first three venue facts for subd. 5. The first two points of error challenge the contention that the contract requires the obligation sued upon to be performed in Tarrant County.

■ For us to apply subd. 5, the written contract must *expressly name* the county of performance or a definite place therein. *Harkness v. Employers National Insurance Co.*, 502 S.W.2d 670 (Tex.1973).

■ The written contract, admittedly signed by representatives of the parties, was received in evidence. The contract does not name a county, or place therein, where appellant is required to perform *all* of its agreed obligations, but does contain the following language in paragraph 4:

"All invoices shall be payable to Company at the Company's address shown below, . . . ."

At the bottom of the page is appellee's address in Fort Worth, Texas.

We take judicial notice that Fort Worth, Texas, is the county seat of Tarrant County, and is a definite place within the meaning of subd. 5. *Kiser v. Lemco Industries, Inc.*, 521 S.W.2d 142 (Tex.Civ.App.—Amarillo 1975, no writ); *Garcia v. Coastal Bend Production Credit Assn.*, 430 S.W.2d 385 (Tex.Civ.App.—Corpus Christi 1968, no writ).

The key inquiry, however, is whether appellee's suit is *upon or by reason of* an obligation that the contract expressly requires to be performed in Tarrant County. In our opinion, it is not.

The only obligation the contract expressly requires appellant to perform in Tarrant County is the payment of invoices under paragraph 4, and the suit was not upon this obligation. Appellee's controverting plea incorporates, by reference, plaintiff's original petition. The verification of the controverting plea also verifies the essential facts in the incorporated petition, so it may be

considered in aid of the plea. *Malone v. Shoemaker*, 597 S.W.2d 473 (Tex.Civ.App.—Tyler 1980, no writ).

Examination of the petition reveals that the *obligation sued upon* is paragraph 12 of the contract, wherein appellant may become obligated to pay appellee liquidated damages if the contract is breached. Paragraph 12, however, does not name any county, or place therein, where such damages are to be paid.

This suit does not seek payment of any invoices, under paragraph 4 of the contract. Indeed, the testimony is uncontradicted that the paragraph 4 invoices have been paid in full.

*L & M-Surco Manufacturing, Inc. v. Winn Tile Co.*, 580 S.W.2d 920 (Tex.Civ. App.—Tyler 1979, dism'd) states, at 926:

There are certain rules relating to the general venue statute which are well settled. The predominant purpose of the statute is to give a person who has been sued the right to defend such suit in the county of his residence, except under well defined exceptions. To deprive a defendant of this right, the case filed against him must *clearly* come within one of the exceptions to the statute. Venue may not be sustained by implication.

Only by a strained construction of appellant's contract could we even *imply* that the obligation sued upon, the liquidated damage clause, is payable in Tarrant County. The contract makes no express provision for payment of liquidated damages in Tarrant County, so it fails the test of subd. 5. *Briarcliff, Inc. v. Texas Automatic Sprinklers, Inc.*, 472 S.W.2d 860 (Tex.Civ.App.—Dallas 1971, no writ); *Bowden v. Murphy*, 448 S.W.2d 183 (Tex.Civ.App.—Waco 1969, no writ).

Liquidated damages are being sought *by reason of* appellant's alleged breach of an obligation to accept appellee's *services*; not by reason of the non-payment of any invoices.

The contract also fails to name any county, or place therein, for appellant to perform the obligations upon which the appellee bases its other claims for *actual* damages.

Therefore, we hold that there is no evidence that any obligation sued upon is required by the contract to be performed or paid in Tarrant County. Appellee is not entitled to maintain venue in Tarrant County under subd. 5.

Appellant's first point of error is sustained, making it unnecessary for us to reach its second point.

The third and fourth points of error address the next question: whether appellee met its burden of establishing by a preponderance of the evidence that subd. 23 places venue in Tarrant County.

In this case, appellee must prove, under subd. 23, that:

(1) the appellant is a private corporation; (2) the appellee has a cause of action against the appellant; (3) the cause of action, or a part thereof, arose in Tarrant County. *Appell Petroleum Corp. v. G. W. Townsend Lease Serv.*, 375 S.W.2d 547 (Tex.Civ.App.—Corpus Christi 1964, no writ).

Appellant's brief concedes that it is a corporation, and that the appellee has established all of the elements of its cause of action. The venue dispute, under subd. 23, therefore centers on whether appellee's cause of action, or a part thereof, arose in Tarrant County.

Within the meaning of subd. 23, a cause of action against a corporation for breach of its contract arises either within the county where the contract is *made* or where it is *breached*. *Gleason v. Southwestern Sugar & Molasses Co.*, 214 S.W.2d 640 (Tex.Civ.App.—Waco 1948, no writ).

A contract is considered *made* at the place where the offer of one of the contracting parties is *accepted* by the other party. *G. P. Enterprises, Inc. v. Adkins*, 543 S.W.2d 913 (Tex.Civ.App.—Texarkana 1976, no writ); *Payne-Ladewig, Inc. v. Brown*, 525 S.W.2d 203 (Tex.Civ.App.—Beaumont 1975, writ dism'd); *Peden Industries v. Dahlstrom Corp.*, 520 S.W.2d 876 (Tex.Civ.App.—Beaumont 1975, no writ);

*Reliance Universal, Inc. v. I.C.S. Corp.*, 452 S.W.2d 926 (Tex.Civ.App.—Fort Worth 1970, no writ).

In studying the evidence, we observe that much of it goes to the merits of the suit rather than to the matter of venue. As to the venue question, however, it is undisputed that appellant has no place of business in Tarrant County. The evidence also establishes that the contract breach alleged by appellee is the appellant's refusal to continue to accept uniforms from appellee under the contract. We find no evidence in the record that this alleged breach (the refusal) took place in Tarrant County.

The evidence also is undisputed that all of the negotiations of the contract took place in Hood County at the appellant's office. It is uncontradicted that appellant's service manager, David Spainhour, signed the contract there.

Tom Moberly testified that he was appellee's service manager when he signed the contract on behalf of the appellee. According to his testimony, he "more than likely" signed the contract in Hood County, at the appellant's office. Appellee's witness, Spainhour, testified that he saw Moberly sign the contract in Hood County.

This testimony, however, is not conclusive as to where the contract was *made.* The controlling fact to establish is where the contract was *accepted* by the appellee.

Mr. Moberly further testified that at the time he signed the contract for the appellee it was appellee's policy that "final approval" of all contracts must be given in Fort Worth, Tarrant County, by one Jim Wallace, who then was appellee's general manager. This testimony was received without objection, although, in our opinion, it is hearsay.

It has been held that:

"Hearsay evidence is that kind of evidence which does not derive its value solely from the credit of the witness himself, but rests in part on the veracity and competency of some other person from whom the witness may have received his information."

*Keller v. Miller*, 207 S.W.2d 684, 688 (Tex. Civ.App.—Fort Worth 1947, ref. n.r.e.); *McKnight v. State*, 399 S.W.2d 552 (Tex.Cr. App.1966); *Winn v. Federal Land Bank of Houston*, 164 S.W.2d 864 (Tex.Civ.App.— Galveston 1942, writ ref'd.).

Mr. Wallace did not testify, and there is no testimony as to whether or not Mr. Wallace gave his final approval, either in Fort Worth or at any other location.

In observing the proper scope of appellate review, it is true that the appellate court must only consider the evidence that is favorable to the trial court's ruling and disregard entirely all evidence that is opposed to it. We also must view the evidence in the light most favorable to the appellee. *Reliance Universal, Inc. v. I.C.S. Corp., supra.* If there is some evidence of a probative nature to support the trial court's finding, we are not authorized to disturb it. *Space City Oil Co. v. McGilvray,* 519 S.W.2d 257 (Tex.Civ.App.—Beaumont 1975, no writ).

However, hearsay has no probative value, even if admitted without objection. It can never form the basis for establishing a cause of action, finding of fact, or judgment, for it is wholly incompetent. *Texas Co. v. Lee*, 138 Tex. 167, 157 S.W.2d 628, 631 (1941); *White v. White*, 590 S.W.2d 587 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ); *Shelton v. Ray*, 570 S.W.2d 419 (Tex. Civ.App.—El Paso 1978, no writ); *Covault v. Texas Instruments, Inc.*, 531 S.W.2d 441 (Tex.Civ.App.—Tyler 1975, no writ).

Without the hearsay testimony, the only evidence as to where the contract was *made* is the undisputed testimony, of both witnesses, that the contract was negotiated and signed in Hood County.

Therefore, it is our opinion that there is no evidence that the contract was made in Tarrant County or breached there.

Appellant's third point of error is sustained, making it unnecessary to reach its fourth point.

Judgment of the trial court is reversed and the case ordered transferred to the district court of Hood County, Texas.

Reversed and ordered transferred to Hood County, Texas.