Vernon Earl McLEMORE, Appellant,

v.

Nancy Carol McLEMORE, Appellee.

No. 1553.

Court of Appeals of Texas, Tyler.

Sept. 23, 1982.

Richard C. Hile, Tonahill, Hile & Leister, Jasper, for appellant.

Robert E. Hughes, Buna, for appellee.

McKAY, Justice.

This appeal is from a division of property in a divorce. Appellant, Vernon Earl McLemore, appeals the award to Nancy Carol McLemore, appellee, of all title to their house and lot in San Augustine. He contends that since the deed of gift was made to him and appellee jointly, he was thereby vested, as a matter of law, with an undivided one-half interest in said realty as his separate property. He further contends that the trial court was prohibited, as a matter of law, from divesting him of title to this alleged separate property realty, and

that such action was an abuse of the court's discretionary power under § 3.63 of the Texas Family Code.

We reverse and remand in part and affirm in part.

Appellant and appellee were married in 1962. Appellee filed this divorce action in 1980, and appellant filed a cross-action for divorce. Two children were born of this marriage.

The home in which the parties resided during the last several years of their marriage was purchased in 1964 by appellant's parents, Ray and Opal McLemore, and the parties moved into this home shortly thereafter. Said property was conveyed by appellant's parents to both parties as grantees in 1974. Contrary to the usual practice, the deed was neither introduced into evidence as an exhibit, nor read into the record. However, the testimony from all parties to the deed is undisputed that it named both appellant and appellee as grantees. Although appellee disputed the testimony of appellant and his parents that the conveyance was a gift rather than a sale, the trial court, sitting without a jury, found that the conveyance was a gift to the community estate of appellant and appellee.

In its divorce decree, the trial court awarded the house and lot to appellee as her sole and separate property and divested appellant of all right, title, and interest in and to such property, after finding that such division was just and right, having due regard for the rights of each party and of the children. Appellant duly filed a motion for new trial contesting this award on the ground that the house was separate property, having come into the marriage by gift, and that an award to appellee which divested appellant of title to this property violated the provisions of the constitution of the State of Texas. This motion was overruled by the trial court.

Appellant next requested that the trial court make and file its findings of fact and conclusions of law. The court did so, and the findings of fact pertinent to this appeal were as follows: (10) that Ray McLemore

and Opal McLemore purchased the home in which the parties live in San Augustine, Texas, in October of 1964, and that no consideration was ever paid by Vernon McLemore or Nancy McLemore for said home; (11) that Ray McLemore and Opal McLemore made a gift of the property in San Augustine, Texas, to Vernon McLemore and Nancy McLemore in January of 1974; (12) that Ray McLemore and Opal McLemore intended to make a gift of the home to Vernon McLemore and Nancy McLemore jointly as a part of their community property and not to Vernon McLemore only.

The conclusions of law pertinent to this appeal were: (6) Ray McLemore and Opal McLemore did not make a gift of the home and lot located in San Augustine County, Texas, to Vernon McLemore individually, but to the community of Vernon McLemore and Nancy McLemore; (7) Ray McLemore and Opal McLemore intended to make a gift of the house and lot in San Augustine, Texas, to the community of Vernon McLemore and Nancy McLemore as reflected by the deed of January 1974.

Appellant brings three points of error. In point two, he contends the trial court erred in finding and concluding that Ray and Opal McLemore made a gift of the house and lot to the community of Vernon and Nancy McLemore. We sustain this point.

■ The law in Texas has long been settled that an attempted gift by a third party to the community estate vests each marital partner with a one-half undivided interest in the subject matter of the gift as his or her separate property. In the case of *Bradley v. Love,* 60 Tex. 472 (Tex.1883), the facts were almost identical to those of the case at bar. There the wife's father made a gift of realty to the husband and wife jointly. The court concluded that such a conveyance would result in each marital partner having an undivided half interest in the land as separate property. *Id.* at 477–8.

Two years later, the court was again presented with a gift of realty from the wife's parents to the husband and wife

jointly in *Rogan v. Williams & Co.,* 63 Tex. 123 (Tex.1885). Again, the court concluded that the legal result of the conveyance was to vest husband and wife with one-half undivided interests as tenants in common, and that such interests were the separate property of each spouse. *Id.* at 129.

This doctrine has been followed by Texas courts through the years (see *King v. Summerville,* 80 S.W. 1050 (Tex.Civ.App.1904) aff'd, 98 Tex. 322, 83 S.W. 680 (Tex.1905)), and was recently reaffirmed in *White v. White,* 590 S.W.2d 587 (Tex.Civ.App.— Houston [1st Dist.] 1979, no writ). In *White* the wife's aunt conveyed certain realty to husband and wife jointly by deed of gift. The court, citing *Rogan v. Williams, supra,* held that such a gift vested in each grantee an undivided half interest as his or her separate property. *Id.* at 588.

■ Appellant's contention finds additional support in § 5.01, Tex.Fam.Code Ann. (Vernon 1975), which provides that property acquired by a spouse during marriage by gift, devise, or descent is a spouse's separate property. The trial court found that the house and lot in the case at bar were acquired by gift. Therefore, the house and lot were separate property as a matter of law. Appellant's second point of error must therefore be sustained.

In his first and third points of error, appellant contends that the trial court erred as a matter of law and abused its discretion in awarding appellee the house and lot in San Augustine since appellant, as a matter of law, was vested with an undivided one-half interest in said realty as his separate property. We sustain these points.

■ Since appellant was vested with a one-half undivided interest in said realty as his separate property, the action of the trial court in divesting appellant of this interest and awarding it to appellee cannot stand under *Eggemeyer v. Eggemeyer,* 554 S.W.2d 137 (Tex.1977). It is well established that divorce courts in this state may exercise wide discretion in making a division of the parties' property, and such discretion should not be disturbed on appeal

unless a clear abuse thereof is shown. *Bell v. Bell,* 513 S.W.2d 20, 22 (Tex.1974); *Jensen v. Jensen,* 629 S.W.2d 222, 225 (Tex. App.—Tyler 1982, no writ); *Musick v. Musick,* 590 S.W.2d 582, 585 (Tex.Civ.App.—Tyler 1979, no writ). However, that discretion does not extend to taking the fee to the separate real property of one spouse and awarding it to the other. *Eggemeyer, supra* at 142; *White, supra* at 589.

In *Jensen, supra* at 225, this court stated that although an appellant correctly complains that the trial court mischaracterized community property as separate property, to obtain reversal appellant must go further and show the trial court would have made a different division if the property had been properly characterized, citing *Smith v. Smith,* 620 S.W.2d 619, 625 (Tex. Civ.App.—Dallas 1981, no writ). This court further said that any other rule would presume harm from a trial court's error of law, and would contravene Rule 434, Tex.R. Civ.P. We adhere to these cases as a correct statement of the law in any case of mischaracterization of property by the trial court *other than* a case where *separate realty* is mischaracterized as community, and then taken from one spouse and awarded to the other. This is because the supreme court has stated in *Eggemeyer, supra,* that where the trial court takes the fee to separate realty of one spouse and donates it to the other, it is prima facie an abuse of discretion; or, stated another way, such action lies entirely outside the trial court's discretion. We note also that even the application of the above test would require reversal in the instant case. Had the trial court correctly characterized the house and lot as separate property, it obviously would have made a different division of the property. It certainly would not have taken appellant's interest and awarded it to appellee in direct contravention of the rule in *Eggemeyer, supra.*

A court of civil appeals may not render a property division but must remand the case to the trial court for proper division. *McKnight v. McKnight,* 543 S.W.2d 863, 866–8 (Tex.1976).

Accordingly, that part of the judgment dividing the property of the parties is reversed and remanded for further proceedings. We affirm the judgment in all other respects.